Frank Andre WARE, Plaintiff,

v.

UNITED STATES of America, Defendant.

Nos. 93–1172–CIV–T–17,
93–1173–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 19, 1993.

Ellen S. Carmody, Anthony P. Gauthier, Thomas Patrick Howard, Law, Weathers & Richardson, Grand Rapids, MI, and John S.

McAvoy, Law Office of John S. McAvoy, Clearwater, FL, for plaintiff and Frank Andre Ware, pro se.

Ruth Ann Ernst, U.S. Attorney's Office, Grand Rapids, MI, and Whitney L. Schmidt, U.S. Attorney's Office, M.D.Fla., Tampa, FL, for Cliff Hedges and the U.S.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's, United States of America, motion to dismiss or, in the alternative, motion for summary judgment, for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted (Docket No. 78) and memorandum of law in support of said motion (Docket No. 79), filed September 27, 1993. Plaintiff filed his brief in opposition to Defendant's motion (Docket No. 83) on October 8, 1993.

The relevant facts of this case, as presented by the motion and response thereto, are as follows:

In April, 1989, Plaintiff, Frank Andre Ware, and George Pedrolini were arrested by the Pasco County Sheriff's Office for possession of approximately 4 kilograms of cocaine and several weapons. The arrest followed an extensive investigation by the FBI, under the direction of Special Agent Cliff Hedges. Soon after the arrest, the grand jury sitting in the United States District Court for the Middle District of Florida returned an indictment, charging Plaintiff and Pedrolini with conspiracy to possess with the intent to distribute 500 grams or more of cocaine in violation, of 21 U.S.C. § 846, and with possession with intent to distribute the cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. A detention hearing was held before United States Magistrate Paul Game, Jr., and by order dated May 18, 1989, Magistrate Game found that there was probable cause to believe that Plaintiff had committed an offense, for which a maximum term of imprisonment of ten years or more was prescribed, and, further and expressly, finding that Plaintiff had "no employment or other substantial ties with this or any other community; that Ware was in the possession of a weapon at the time of the arrest; that there was a serious threat that Ware would flee; and that Ware's release would cause a danger to the community." Shortly thereafter, Pedrolini entered into a plea agreement and testified against Ware in a criminal trial in this Court in August, 1989. Subsequently, Ware was convicted by a jury on all counts against him. From the time of his arrest through his conviction, Plaintiff continuously maintained his innocence.

On February 26, 1992, an order was entered vacating the judgment and conviction on grounds that a fingerprint report, prepared by the Federal Bureau of Investigation Identification Unit, of a large quantity of currency seized in the investigation of Ware and Pedrolini did not contain any fingerprints belonging to Plaintiff, and that the result of this inconclusive fingerprint examination had not been provided to Plaintiff before trial.

Following Plaintiff's conviction and the order vacating the conviction and granting a new trial, a new trial was held in May, 1992. Plaintiff, represented by new trial counsel, was acquitted by the jury in the retrial. From the date of Ware's conviction to present, he has instituted various *pro se* civil rights actions and submitted numerous administrative claims seeking damages under the Federal Torts Claims Act (FTCA).

Plaintiff concedes that, at this point, the only viable claims remaining in this case are those made pursuant to the FTCA for the government's failure to provide Plaintiff with important information concerning his fingerprint test results. Defendant now moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss each of Plaintiff's claims under the FTCA for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted.

Under the FTCA, the United States is liable for the negligence or wrongful acts of its employees "in the same manner and to the same extent as a private individual under like circumstances ..." 28 U.S.C. § 2674. By this statute, the United States of America, with limited exceptions, relinquishes its

traditional immunity from tort liability and established governmental liability to private parties in certain types of actions. *Rayonier, Inc. v. United States,* 352 U.S. 315, 319, 77 S.Ct. 374, 377, 1 L.Ed.2d 354 (1957).

The basis of Plaintiff's claims under the FTCA is that Special Agent Hedges, an employee of the United States of America, "purposely withheld information relating to the fingerprint test results from Plaintiff at trial, even though it was relevant, exculpatory, and would have completely undermined the Government's theory that the Plaintiff was the 'money man' in a drug operation." Plaintiff further alleges that the actions of Special Agent Hedges regarding the fingerprint examination caused his wrongful conviction and incarceration and caused him to suffer loss of liberty, mental anguish, psychological trauma, humiliation and degrading loss of reputation, and loss of life's pleasures, and that said actions constituted "negligence, defamation, malicious continuation of prosecution and false imprisonment under Florida law."

### I

Plaintiff asserts a cause of action for negligence based upon breach of duty by Special Agent Hedges, as an employee of the United States, for failure to disclose exculpatory evidence regarding the fingerprint test. Specifically, Plaintiff contends that "it is clear that Hedges owed a general duty to Ware under Florida law to disclose the exculpatory fingerprint evidence prior to trial." Defendant counters that Plaintiff fails to state a claim and, therefore, the negligence claim must be dismissed for lack of subject matter jurisdiction. Defendant argues that the FTCA does not provide this Court with subject matter jurisdiction over this action for negligence, because Congress gave the federal courts jurisdiction only over those tort claims in which the United States, "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). This Court agrees with Defendant that neither Florida nor the common law imposes liability upon a private person for mere negligence in the continuing investigation of a criminal prosecution of a

crime which has actually occurred. As Defendant stated, "an FBI agent's duties in the investigation of a crime which has been committed cannot be equated to any duty of a private citizen under the law of Florida." The Second Circuit encountered and rejected a somewhat similar claim of negligence under the FTCA in *Caban v. United States,* 728 F.2d 68 (2d Cir.1984), a case involving alleged unlawful detention by federal immigration officials.

Defendant also indicates that Plaintiff's administrative claims presented in 1992 were bare of any allegations of negligence as to the United States or any employee thereof and, alleged exclusively *intentional* misconduct. Since no allegation of negligence was included as the basis for either claim, this Court concurs with Defendant that it was not properly noticed of its potential liability on such a basis and that this Court is without jurisdiction over such allegations. *Bush v. United States,* 703 F.2d 491, 494 (11th Cir. 1983).

### II

Additionally, Plaintiff states a claim for defamation under the FTCA. However, he provides no legal authority in support of this claim. Defendant asserts, and this Court agrees, that any claims of defamation are expressly excluded from the FTCA's limited waiver of sovereign immunity, 28 U.S.C. 2680(h), and, therefore, must be dismissed for lack of subject matter jurisdiction. *Nadler v. Mann,* 951 F.2d 301, 304 & n. 6 (11th Cir.1992).

### III

Finally, Plaintiff asserts claims for malicious continuation of prosecution and false imprisonment. He does not make a claim for malicious prosecution with respect to the initiation of the proceedings against him. Defendant contends, and this Court concurs, that Plaintiff may not rely upon the alleged acts or omissions of the prosecuting attorney to hold the government liable for malicious continuation of prosecution or false imprisonment. The United States Attorney and his assistants are not "investigative or law enforcement agents" for whose intention-

al torts the government may be liable under 28 U.S.C. § 2680(h). 28 U.S.C. § 2680 expressly excludes from the FTCA's limited waiver of tort liability any claim arising out of malicious prosecution and false imprisonment with the strictly limited exception for "investigative or law enforcement officers," meaning "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of federal law."

However, Defendant further advances that after the return of the grand jury's indictment, prosecution was under the control not of the FBI, but of the United States Attorney's Office for the Middle District of Florida. Defendant argues that with return of the indictment, there was full probable cause for the arrest of the defendant, and thereafter, the prosecution was under the control not of the FBI but of the United States Attorney for the Middle District of Florida, against whom any claim for malicious prosecution or false imprisonment is absolutely barred under the provisions of § 2680(h). Thus, Defendant contends that it is manifest that Plaintiff's complaint fails to state a cause of action against the United States for malicious prosecution, malicious continuation of prosecution or false imprisonment and, therefore, these claims must be dismissed.

Ware vehemently disagrees with Defendant's proposition that once probable cause for arrest is shown, Agent Hedges is somehow insulated or immune for his action's leading up to Ware's wrongful conviction and imprisonment. This Court concurs with Plaintiff on this issue. Continued prosecution after the discovery of sufficient exculpatory facts by a police officer or agent who is actively involved in both the investigation and in formulating the strategy for the state's case may amount to malicious continuation of prosecution or false imprisonment, a concept reinforced in *Jones v. Chicago*, 856 F.2d 985 (7th Cir.1988). Therefore, Plaintiff's claim for malicious continuation of prosecution and false imprisonment with regard to the acts of Special Agent Hedges cannot be dismissed. Accordingly it is,

**ORDERED** that:

(1) Defendant's motion to dismiss be **granted** as to Plaintiff's claims of negligence and defamation.

(2) With regard to Plaintiff's claims of malicious continuation of prosecution and false imprisonment, that Defendant's motion be **granted** with respect to the United States Attorney and his assistants and **denied** with respect to federal investigative or law enforcement officers.

**DONE and ORDERED.**