**Nicolas NOGUERAS–CARTAGENA, Abigail Mojica Escobar, Nicolle Nogueras–Mojica, Berta Cartagena, and Daniel Mojica, Plaintiffs**

v.

**UNITED STATES of America, Guillermo Gil Bonar, Jorge Vega Pacheco, John Johnson, and Jose E. Gonzalez, Defendants**

No. CIV. 00–1778(DRD).

United States District Court, D. Puerto Rico.

Sept. 28, 2001.

Nicolas Nogueras–Cartagena, Esq., San Juan, P.R., for plaintiffs: Nicolas Nogueras–Cartagena Abigail Mojica–Escobar Nicolle Nogueras–Escobar Berta Cartagena Daniel Mojica.

Charles D. Monaco, Esq., Dickie, McCamey & Chilcote, Pittsburgh, PA, for defendant Guillermo Gil–Bonar Jorge E. Vega–Pacheco.

Ruben T. Nigaglioni, Esq., McConnell Valdes, San Juan, P.R., for defendant John Johnson.

Matthew Zabel, Esq., U.S. Department of Justice, Washington, D.C., for defendant United States of America.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Plaintiffs filed their complaint on June 21, 2000 (Docket # 1). An amended complaint was filed on October 18, 2000, raising tort claims pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, and a *Bivens* claim alleging that the individually named defendants violated the constitutional rights of the Plaintiffs (Docket # 4). Co–Defendant United States of America (hereafter "Defendant") moved to dismiss claims raised pursuant to the FTCA on the following bases: 1) those claims based upon the prosecutors' conduct are barred because they fall outside the United States' limited waiver of sovereign immunity under the FTCA; 2) the negligent investigation claims are jurisdictionally barred by the discretionary function exception to the FTCA; and, 3) and the false arrest, malicious prosecution claim and abuse of process claims fail to state a claim under Puerto Rico law (Docket # 14).

Plaintiffs contended dismissal was not proper as defendants are collaterally estopped from contesting the allegations contained in the complaint due to orders entered by the Court in the underlying criminal case. Further, Plaintiffs claimed that the Court is not required to dismiss claims alleging conduct which might fall within the intentional torts exception to FTCA claims. Finally, as to the claims of negligent investigation, Plaintiffs asserted Co–Defendants U.S. Attorney Guillermo Gil and Assistant U.S. Attorney Jorge Vega were not shielded by limited waiver of sovereign immunity under the FTCA (28 U.S.C. § 2680(h)).

Subsequently, Plaintiffs moved for partial summary judgment against the United States based upon the actions of U.S. Attorney Gil (Docket # 29). Plaintiffs asserted that the United States is barred by collateral estoppel from contesting liability based upon orders entered by the presiding and trial judge in the underlying criminal matter (Criminal No. 96–104(CCC)). Defendant responded that Plaintiffs have failed to set forth material undisputed facts establishing the specific elements of their tort claims which are grounded on false arrest and malicious prosecution. Additionally, the Defendant asserted that Plaintiffs have not shown they are entitled to judgment as a matter of law as jurisdictional issues under the FTCA as well as legal issues under Puerto Rico law bar the issuance of the remedy (Docket # 30).

Defendant then moved for an Order substituting the United States as defendant

for the other individually named co-defendants for the claims in this action brought pursuant to the Federal Tort Claims Act (FTCA) (Docket # 36). The Plaintiffs objected to the substitution (Docket # 57).

The motions were referred to the Honorable Magistrate Judge Aida M. Delgado–Colón for a Report and Recommendation (Docket # 45; hereafter "R & R"), pursuant to 28 U.S.C. § 636(b)(1)(B) (1993); Fed.R.Civ.P. 72(b); and Rule 503, Local Rules, District of Puerto Rico. *See Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). On September 10, 2001, Magistrate Judge Delgado issued her R & R in the above referenced case (Docket # 83). Magistrate Judge Delgado made the following recommendations to the Court:

1. That the United States Motion to Dismiss be **GRANTED in part and DENIED in part** (Docket # 14) as follows:

 A. That the Motion to Dismiss be GRANTED for lack of subject matter jurisdiction as to allegations raised against Gil and Vega for false arrest, malicious prosecution and abuse of process (R & R: Section III.B.2.).

 B. That the Motion to Dismiss be DENIED as to the allegations of the actions of the investigative and law enforcement officers for false arrest and malicious prosecution (R & R: Section III.B.2).

 C. That the Motion to Dismiss be GRANTED as to the abuse of process claims as alleged against investigative or law enforcement officials BUT that said claims be dismissed without prejudice, with leave to amend if Plaintiffs so desire (R & R: Section III.B.2.b).

 D. That the Motion to Dismiss be GRANTED (as to prosecutors and law enforcement agents) as to the negligent investigation claims (R & R: Section III.B.3).

2. That Plaintiffs' Motion for Partial Summary Judgment be **DENIED** (Docket # 29) (R & R: Section IV).

3. That Defendants' Motion for Substitution (Docket # 36) be **GRANTED** and that all Puerto Rico common law claims be dismissed with prejudice against the individually named defendants (R & R: Section II).

The R & R further indicated that Objections thereto were due within ten (10) days of the parties' receipt thereof. On September 17, 2001, Plaintiffs filed a Motion Requesting Review of Sworn Statement for Reconsideration of Report & Recommendation (Docket # 86). Plaintiffs' Motion referred to a non-existing sworn statement. On September 28, 2001, Plaintiffs filed the missing "Sworn Statement", which in effect was a summary of their Amended Complaint (Docket # 94). On September 19, 2001, Defendant moved for an extension of time (Docket # 89) to file possible objections to the R & R, or in the alternative, to have the Court consider their Motion for Reconsideration (Docket # 87) as their Objections to the R & R. On September 26, 2001 the Court denied the time extension as requested, instead granting all parties until 5:00 PM on September 28, 2001, to file any possible R & R objections (Docket # 93). In the event Defendant did not make a subsequent filing, the Court noted Defendant's Motion for Reconsideration would be considered as R & R objections timely filed. Finally, our Order stated "**NO FURTHER EXTENSIONS SHALL BE GRANTED.**" (Emphasis in the original.)

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Fed.

R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. *See Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Of course, an adversely affected party may contest the Magistrate's report and recommendation; 28 U.S.C. § 636(b)(1) (1993), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

This statutory provision is echoed by Fed.R.Civ.P. 72(b) and Local Rule 510.2. In addition, Local Rule 510.2(A) states that "[a]ny objections to the Magistrate Judge's proposed findings, recommendation, or report must be filed with the Clerk of the Court within ten (10) days after being served with [a] copy thereof. *Failure to file objections within the specified time waives the right to appeal the District Court's order*" (emphasis added). Rules such as this one have been approved by the U.S. Supreme Court. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) ("[w]e hold that a court of appeals may adopt a rule conditioning appeal, when taken from a District Court judgment that adopts a magistrate's report and recommendation, upon the filing of objections with the District Court identifying those issues on which further review is desired.").

**Plaintiffs' Motion Requesting Review of Sworn Statement for Reconsideration of Report & Recommendation**

Plaintiffs' Motion Requesting Review of Sworn Statement for Reconsideration of Report & Recommendation (Docket # 86) is extremely unclear, at best. The only item that is clear is Plaintiffs are not satisfied with the Magistrate's recommendation that the United States be substituted for the individually named defendants (and the Court assumes hence, that all state claims be dismissed as against the individually named defendants). Their three-paragraph, single-page motion contains no specific objections to the R & R whatsoever. In fact, their only reference to the R & R is their first paragraph, which states in its entirety: "That on September 13th, 2001, the Honorable Magistrate Judge entered the Report and Recommendation concerning various matters on the docket."

Plaintiffs through Paragraph 2 then adopt their entire Memorandum of Law in support of their Opposition to Motion to Dismiss, *by reference.* Paragraph 3 then simply requests that the Court consider a statement of uncontested facts contained in an attached sworn statement "be considered along with [their] opposition to substitution." As noted earlier, the "Sworn Statement" was in essence a restatement of their Amended Complaint, and there was no reference to the R & R within whatsoever.

Our Local Rules are very clear and specific as to procedures to follow in properly objecting to a Magistrate's recommendations. Local Rule 510.2 particularly states an objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections." *Id.* Plaintiffs' Motion Requesting Review of Sworn Statement for Reconsideration of Report & Recommendation is completely insufficient to serve as an objection to the Magistrate's R & R.

## Defendant's Motion for Reconsideration

As noted above, in our Order of September 26, 2001, the Court noted Defendant's Motion for Reconsideration (Docket # 87) would be considered as R & R objections timely filed (Docket # 93). Defendant makes one objection to the R & R concerning the Magistrate's recommendation that the Defendant's Motion to Dismiss (Docket # 14) be denied as to the allegations of the actions of the investigative and law enforcement officer (Co–Defendant Johnson) for false arrest and malicious prosecution. The Magistrate reasoned that the Plaintiffs' alleged facts in the Amended Complaint of agents knowingly providing false information, and a tainted grand juror (Co–Defendant Agent Johnson's wife served as a grand juror), were sufficient to rebut the claim of probable cause by the grand jury and that the indictment was fair upon its face. Defendant's Motion for Reconsideration includes two new pieces of evidence not previously available for review by the Magistrate, which Defendants allege specifically counter the Magistrate's recommendation.

The Court notes this is the first time this evidence has been presented. Defendant correctly recognizes possible problems with using these documents now to presently rebut the recommendation of the Magistrate after her detailed analysis of the case (with all documents properly before her). Defendant refers to Magistrate Judge' Delgado's notice that "review of a... [R & R]... by a District Judge... does not permit considerations of issues not raised before the Magistrate Judge." R & R p. 28. The Defendant thus requests in the alternative that their Motion be considered a renewed Motion for Dismissal on the specific point given the new found evidence.

It is true that "Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." *Paterson–Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 991 (1st Cir.1988). The District Court, however, is allowed to consider new evidence when conducting a proper *de novo* review of a timely specific objection. Fed.R.Civ.P. 72(b); *Paterson–Leitch, supra* at 990. At bar the Court is not convinced the new evidence does not constitute a new issue. Additionally, it would be patently unfair to now rule on the "new evidence", if in fact it was just that (and not a new issue being raised), without providing Plaintiffs opportunity to be heard. There is nothing which would preclude Defendant from filing a renewed Motion to Dismiss, as they have done, and the Court believes this to be the fairer route to follow. Defendant's Motion for Reconsideration (Docket # 87) is to be considered, as requested by the Defendant, as a renewed Motion to Dismiss. Plaintiffs now have the full force of the Rules of Civil Procedure to appropriately respond should they so desire.[1]

---

1. Without drawing any conclusions upon the merits of arguments raised within the Renewed Motion to Dismiss, the Court does remind the parties of the well-settled caselaw noting in considering a Rule 12(b)(6) motion only well-pleaded facts are taken as true as opposed to "unsupported conclusions or interpretation of the law". *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir.1993); *see generally Ocean Logistics Mgmt., Inc. v. NPR, Inc.*, 38 F.Supp 2d 77, 80 (D.P.R.1999). Furthermore, The District Court of Puerto Rico has specifically addressed the requirement of adequate specificity in relation to allegations against FBI and IRS agents acting with malice before a Grand Jury in *Torres–Dueno v. United States*, D.P.R. Civ. # 00–1894(HL), 165 F.Supp.2d 71.

**In view of the above....**

What we really have left is an unobjected-to R & R. "Absent objection by the [parties], the District Court had a right to assume that [the parties] agreed to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the District Court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992). *See Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir.1988); *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1987) ("[a]ppellant was entitled to a *de novo* review by the District Court of the recommendations to which he objected, ..., however he was not entitled to a *de novo* review of an argument never raised."); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980).

Nevertheless, District Courts are not barred from reviewing unopposed Reports and Recommendations. Section 636(b)(1), Rule 72(b), and Local Rule 510.2 all state that a District Court will review *de novo* any portion of the Report and Recommendation specifically objected to, but none specifies what standard of review will be applicable if no objection is filed. Local Rule 510.2(A) merely provides that a failure to object will waive the plaintiff's right to appeal from the District Court's decision. As the Supreme Court stated, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Rule 72(b) and Local Rule 510.2(A) would not do so, either. To the contrary, it appears to be completely at the discretion of the District Court whether or not to review an unopposed Report and Recommendation.

This Court prefers to err on the side of caution and adopt the Advisory Committee view that "[w]hen no timely objection is filed, the court need only satisfy itself that there is **no clear** error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee's note (1983) (emphasis added). Therefore, this Court reviews the Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous.

The Court takes special notice here of the expertly reasoned and superbly written R & R produced by Magistrate Judge Delgado. Indeed of the myriad of issues at bar addressed by Magistrate Delgado, her R & R could be considered the Hornbook on the matter. "There is little point in attempting to reinvent a well-fashioned wheel. Where, as here, a [magistrate] judge astutely takes the measure of a case and hands down a convincing, well-reasoned decision, [the Court] should refrain from writing at length to no other end than to hear its own words resonate." *Corrada Betances v. Sea–Land Service, Inc.*, 248 F.3d 40, 42 (1st Cir.2001); *Lawton v. State Mut. Life Assur. Co.*, 101 F.3d 218, 220 (1st Cir.1996); *accord Cruz–Ramos v. P.R. Sun Oil Co.*, 202 F.3d 381, 383 (1st Cir.2000); *Ayala v. Union de Tronquistas de P.R., Local 901*, 74 F.3d 344, 345 (1st Cir.1996); *Holders Capital Corp. v. Cal. Union Ins. Co.* (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir.1993).

**WHEREFORE** the Court **APPROVES** and **ADOPTS** the Honorable Magistrate

Judge's Report and Recommendation **in its totality.**[2] To recap:

1. United States Motion to Dismiss is **GRANTED in part and DENIED in part** (Docket # 14) as follows:

 A. The Motion to Dismiss is **GRANTED with prejudice** for lack of subject matter jurisdiction as to allegations raised against Gil and Vega for false arrest, malicious prosecution and abuse of process.

 B. The Motion to Dismiss is **DENIED** as to the allegations of the actions of the investigative and law enforcement officers for false arrest and malicious prosecution. (The Court notes a renewed Motion to Dismiss (Docket # 87) on this point has been filed and awaits Plaintiffs' response, if any.)

 C. The Motion to Dismiss is **GRANTED without prejudice** as to the abuse of process claims as alleged against investigative or law enforcement officials. (The Court Grants Plaintiffs leave to amend as suggested by the Magistrate if Plaintiffs so desire.)

 D. The Motion to Dismiss is **GRANTED with prejudice** (as to prosecutors and law enforcement agents) as to the negligent investigation claims.

2. Plaintiffs' Motion for Partial Summary Judgment is **DENIED** (Docket # 29).

3. Defendants' Motion for Substitution (Docket # 36) is **GRANTED.** All Puerto Rico common law claims are dismissed **with prejudice** against the individually named defendants.

IT IS SO ORDERED.

## MAGISTRATE–JUDGE'S REPORT AND RECOMMENDATION

Now before the Court are the United States of America's Motion to Dismiss, plaintiffs' Motion for Partial Summary Judgment and the United States of America's Motion for Substitution and responses thereto (Docket Nos. 14, 18, 21, 25, 26, 29, 30, 31, 36, 57, 58). The motions were referred to the undersigned for report and recommendation (Docket No. 45). Plaintiffs filed their complaint on June 21, 2000 (Docket No. 1). An amended complaint was filed on October 18, 2000, raising tort claims pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, and a *Bivens* claim alleging that the individually named defendants violated the constitutional rights of the plaintiffs (Docket No. 4). *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The United States of America moves the Court for an order substituting the United States as defendant for the individually named defendants for the claims brought pursuant to the Federal Tort Claims Act (FTCA) (Docket No. 36). Plaintiffs object to the motion to substitute (Docket No. 57). The United States also moves for dismissal, with prejudice, of all state common-law claims against the individual defendants. *Id.* Additionally, the United States seeks dismissal of the claims

---

**2.** The following matters thus remain as viable claims: 1) the false arrest and malicious prosecution allegations brought pursuant to the Federal Tort Claims Act against the United States, for the actions of FBI and IRS agents (though, again, the Defendant has already submitted a Renewed Motion to Dismiss on this matter (lack of factual specificity in the Amended Complaint is claimed as grounds for dismissal), and the Court awaits Plaintiffs' response, if any); and 2) the *Bivens* claim for violations of plaintiffs' federal constitutional rights against U.S. Attorney Gil, Assistant U.S. Attorney Vega and FBI Agent Johnson.

brought pursuant to the FTCA for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted [1] (Docket No. 14). Finally, plaintiffs move for partial summary judgment against defendant Guillermo Gil, United States Attorney, and the United States for damages as a result of the gross negligence of U.S. Attorney Guillermo Gil (Docket No. 29).

## I. THE AMENDED COMPLAINT

Plaintiffs Nicolás Nogueras–Cartagena ("Nogueras"); his spouse, Abigail Mojica–Escobar ("Mojica"); their daughter, Nicolle Nogueras–Mojica ("Nicolle"); Nogueras' mother, Berta Cartagena ("Mrs. Cartagena"); and, Mojica's father, Daniel Mojica ("Mr. Mojica") filed a complaint on June 21, 2000 and an amended complaint on October 18, 2000 (Docket Nos. 1, 4). The amended complaint is brought pursuant to FTCA, 28 U.S.C. § 1346(b), and also alleges violations of constitutional rights. Named as defendants are the United States of America (United States), United States Attorney Guillermo Gil–Bonar ("Gil"), Assistant United States Attorney Jorge Vega–Pacheco ("Vega"), FBI Agent John Johnson ("Johnson") and IRS Agent José E. González ("González"). González's case was dismissed without prejudice on May 7, 2001, for lack of service of process. *See* Docket No. 44.

Counts One, Two, Three and Four [2] brought against the United States pursuant to the FTCA include allegations of false arrest, malicious prosecution, abuse of process, negligent investigation and infliction of emotional distress resulting from the tortious actions of the defendants. Count Five alleges a violation of the plaintiffs' constitutional rights under the First, Fourth, Fifth and Fourteenth amendments of the United States Constitution and is brought against the individual defendants in their official and individual capacities. Although the Amended Complaint does not specifically state it, Count Five is a claim brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which provides an avenue of relief when individuals allege violations of federal rights by federal officers. Plaintiffs allege deprivation of their constitutional right to due process and equal protection, the right to be free from unreasonable search and seizure, the pursuit of their liberty, property, profession and freedom of speech and association.

The complaint alleges as follows: On April 24, 1996, an indictment was filed in Criminal Case No. 96–104(CCC) against Nogueras and Mojica, as well as José M. Torres–Dueño [3] for the offenses of conspiracy to defraud the United States, aiding and abetting, graft and conflict of interest-bribery, structuring transaction to evade reporting requirements and statement or entries generally, all in violation of Title 18 U.S.C. §§ 371, 207(a), 1001, 2 and Title 31 U.S.C. § 5324(a)(3) [4] (Docket No. 4, Facts ¶¶ 1, 2). IRS and FBI agents as well as United States attorneys appeared before

---

1. The United States does not seek to dismiss the *Bivens* claim.

2. The Amended Complaint contains two "Third" causes of action. The first "Third" cause of action is brought by Mrs. Cartagena against the United States and the second "Third" cause of action is brought by Mr. Mojica against the United States, both pursuant to the FTCA.

3. Torres is not a party to this lawsuit.

4. The indictment alleged a conspiracy spanning from August 1984 through December 1995 in Puerto Rico and Florida that Nogueras, Mójica and José M. Torres–Dueño willfully conspired to defraud the United States of America and the Internal Revenue Service in the evaluation and collection of taxes, interests and penalties totaling $2,239,893.50 that was allegedly owed by Nogueras.

two grand juries providing incomplete, erroneous and false evidence which resulted in the indictment. *Id.* at ¶¶ 2, 3. In the complaint it is also claimed that the agents knew or should have known of the misleading false and erroneous nature of the information, concealing the fact from the Grand Jury together with Gil and Vega. *Id.* at ¶ 3. It is alleged that the first Grand Jury panel was composed of the consensual wife of Johnson with whom Johnson discussed matters relative to evidence presented to the Grand Jury. *Id.* Further, the complaint states that Johnson provided false information to the Grand Jury by leading them to believe that Nogueras had transferred $26 million to off-shore banks via his Senate computer. *Id.*

Nogueras and Mojica were publicly arrested by IRS and FBI agents on April 24, 1996, in Puerto Rico and Orlando, Florida, respectively. *Id.* at ¶ 4. The arrests were attended by the press who were summoned in advance by Gil, with said arrests transmitted live. *Id.* at ¶ 5. Nogueras was initially arrested without a warrant as he was held for over an hour by IRS and FBI agents until an arrest warrant arrived. *Id.* at ¶ 5. While Nogueras and Mojica were being arrested, FBI agents traveled to the high school of Nicolle, located in Florida, and advised her that both her parents had been arrested. *Id.* at ¶ 6. Nicolle, and her grandparents, Mrs. Cartagena and Mr. Mojica, all had adverse emotional reactions to the arrests. *Id.*

Trial commenced on May 11, 1999. *Id.* at ¶ 7. During trial, it is alleged, IRS agent Ronald McKeever[5] provided false statements and misrepresentations and presented incomplete, insufficient, incorrect and false facts. *Id.* at ¶ 8. Agents admitted that many important records necessary for Nogueras' defense had been destroyed. *Id.*

U.S. Attorney Gil formally requested dismissal of all charges, with prejudice, on June 22, 1999, prior to the time the third government witness was to be called to testify. *Id.* at ¶ 9. All defendants consented to the request for dismissal. *Id.* Prior to making said request, U.S. Attorney Gil had requested a continuance of trial in order to verify information concerning the possibility that an appeal had been filed by Nogueras protesting the 100% penalty imposed by the IRS for tax periods ending December 31, 1984 and March 31, 1985, in the sum of $84,397.71 and $104,296.69, respectively. *Id.; Ex.*, Criminal No. 96–104(CCC), Docket No. 351. The criminal prosecution was based on the fact that Nogueras had never challenged or appealed the debt (Docket No. 4), *Ex.*, Criminal No. 96–104(CCC), Docket No. 351.

The next day, on June 23, 1999, Gil, while in court, formally requested dismissal of all charges, with prejudice. *Id.* At said time Gil made reference to the existence of an appeal filed by Nogueras which had been kept in a revenue officer's personal file which was not known to him. *Id.*

The trial court concluded that the alleged facts in the indictment were incomplete, insufficient and plainly incorrect due to the negligent handling of the case file and appeal papers by IRS and FBI agents. *Id.* Said agents were grossly negligent in their performance and duties as investigative and law enforcement officers as were Gil and Vega in their investigation and the handling of the case. *Id.* All criminal charges were dismissed and written orders entered by the Court.

Attached to the Amended Complaint are two court orders entered in the underlying criminal case; one entered July 9, 1999 and the other entered June 25, 1999. The June 25th order, states, "Mr. Gil's dis-

---

5. McKeever is not a named defendant.

claimer of knowledge and his statement that he was "led to believe" that there was no appeal, have no factual support; the existence of the appeal is contained in his own evidence. One can reasonably expect prosecutors to read their own evidence.... This denotes gross negligence by Mr. Gil in the discharge of his investigative duties as the Chief Officer of the U.S. Attorney's Office and as the prosecutor who personally handled this case with the assistance of Mr. Jorge Vega–Pacheco."

The plaintiffs now seek from the United States, pursuant to the FTCA, the following amounts: Nogueras and Mojica each seek $10 million in damages; Nicolle seeks $5 million; and, Mrs. Cartagena and Mr. Mojica each seek $1 million in damages. The plaintiffs also seek compensatory damages from the individual defendants for the alleged constitutional violations.

## II. MOTION FOR SUBSTITUTION

■ Under the FTCA, the United States waives its sovereign immunity for "injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The FTCA provides the exclusive remedy to compensate for a federal employee's tortious acts committed within his or her scope of employment. *See* 28 U.S.C. § 2679(a).

The United States moves for an order substituting the United States as defendant for the individually named federal defendants for all state common-law claims against said individual defendants, inasmuch as plaintiffs' exclusive remedy for state common-law torts under the FTCA is solely against the United States (Docket No. 36). Plaintiffs object to the substitution.

The Federal Employees Liability Reform and Tort Compensation Act of 1988, amended the FTCA. The amendments, more commonly known as the "Westfall Act," grant federal employees broad immunity from state law suits based upon common law tort claims. *See* 28 U.S.C. § 2679(b)(1). Additionally, Congress provided a mechanism for determining when federal employees are acting within the scope of employment, and thus are personally immune from suit.

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).

■ Once such a certification is made, the court dismisses the federal employee from the case, and substitutes the United States as defendant. *Davric Maine Corp. v. United States Postal Serv.*, 238 F.3d 58, 65 (1st Cir.2001). The certification, however, "does not conclusively establish that the United States should be substituted, but rather is provisional and subject to judicial review." *Id.; See also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995). "Where a plaintiff asserts that a defendant acted outside the scope of his or her employment despite the Attorney General's certification to the contrary, the burden of proof is on the plaintiff" to show that the defendant was not acting within

the scope of employment. *Id.* at 66; *See also Day v. Massachusetts Air Nat'l Guard,* 167 F.3d 678, 685 (1st Cir.1999). "Upon a showing that the employee was acting outside the scope of employment, as determined by the applicable state law, that employee may be re-substituted." *Id.* (citing *Aversa v. United States,* 99 F.3d 1200, 1208 (1st Cir.1996)). When the United States is properly substituted in a case for an individual defendant under the "Westfall Act," then the state claims against that defendant are barred under the "Westfall Act" itself. *Day v. Massachusetts Air Nat'l Guard,* 167 F.3d 678, 685 (citing 28 U.S.C. § 2679(d)).

Attached to the United States' motion is a Certification by the Attorney General[6] that the individual defendants Gil, Vega, Johnson and González were acting within the scope of their employment as employees of the United States at the time of the alleged conduct in the Amended Complaint. The burden is now on plaintiffs to show the individual defendants were acting outside the scope of their employment. Plaintiffs oppose the substitution arguing that attorneys Gil and Vega were not acting within the scope of their employment as they were not forwarding government interests, the litigation was brought for personal motives, and the United States was negligent for the actions of the attorneys. Plaintiffs point to the Model Rules of Professional Conduct and the Local Ethics Canons, as well as the United States Attorney Manual in support of their position.

■ The undersigned determines, however, that plaintiffs have not met their burden of proof. Plaintiffs focus on Gil and Vega but make no argument as to the other governmental employees. Plaintiffs focus on the "questionable prosecutorial practices" of attorneys Gil and Vega which, as alleged, were geared to destroy plaintiff's reputation. While plaintiffs may believe these attorneys violated the Rules of Professional Conduct, Local Ethics Canons, and certain United States Attorney Manual articles, same does not fulfill the burden of proving Gil and Vega were not acting within the scope of their employment. Moreover, the Attorney General has certified that Gil, Vega, Johnson and González were acting within the scope of their employment. Plaintiffs have submitted nothing other than argument to meet their burden of proof.

■ Accordingly, the undersigned **RECOMMENDS** that the Motion for Substitution (Docket No. 36) be **GRANTED** and that the United States of America be substituted for defendants Gil, Vega, Johnson and González as the proper defendant. It is further **RECOMMENDED** that all Puerto Rico common law claims as alleged in the Amended Complaint against the individual defendants Gil, Vega, Johnson and González be **DISMISSED with prejudice** as the exclusive remedy for same is provided for in the FTCA with the United States as the defendant.

This recommendation has no bearing upon the *Bivens* claims for violation of plaintiffs' constitutional rights brought against the defendants Gil, Vega, Johnson and González in their individual and official capacities as found in Count Five of the Amended Complaint. At this juncture, said claims remain viable.

## III. MOTION TO DISMISS

The United States moves to dismiss claims raised pursuant to the FTCA on the following bases: 1) those claims based

---

**6.** The Attorney General delegated certification authority under 28 U.S.C. § 2679(d)(1) to United States Attorneys. 28 C.F.R. § 15.3(a).

upon the prosecutors' conduct are barred because they fall outside the United States' limited waiver of sovereign immunity under the FTCA; 2) the negligent investigation claims are jurisdictionally barred by the discretionary function exception to the FTCA; and, 3) the false arrest, malicious prosecution claim and abuse of process claims fail to state a claim under Puerto Rico law (Docket No. 14). Plaintiffs contend dismissal is not proper as defendants are collaterally estopped to contest the allegations contained in the complaint due to orders entered by the Court in the underlying criminal case. Further, plaintiffs claim that the Court is not required to dismiss claims alleging conduct which might fall within the intentional torts exception to FTCA claims. Finally, as to the claims of negligent investigation, plaintiffs assert that Gil and Vega are not shielded by 28 U.S.C. § 2680(h)[7].

### A. Standard

 When deciding whether to dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), courts "may consider whatever evidence has been submitted, such as the depositions and exhibits submitted ..." *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir.1996). Additionally, dismissal is proper pursuant to Fed.R.Civ.P. 12(b)(6) on the basis of "failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Gonzalez–Morales v. Hernandez–Arencibia*, 221 F.3d 45, 48 (1st Cir.2000) (quoting *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 52 (1st Cir.1990)). The Court accepts as true the well-pleaded factual allegations of the complaint, draws all reasonable inferences therefrom in the plaintiff's favor, and determines whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory. *See LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998). "Because only well pleaded facts are taken as true, [the Court does] not accept a complainant's unsupported conclusions or interpretations of law." *Washington Legal Found. v. Massachusetts Bar Found.*, 993 F.2d 962, 971 (1st Cir.1993).

### B. Federal Tort Claims Act

Pursuant to the FTCA the United States waives its sovereign immunity for "injury of loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The FTCA exempts intentional torts from its sovereign immunity waiver but expressly allows actions against the United States for claims of "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution" arising out of "acts or omissions of investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h).

 Under the FTCA it is the plaintiff's burden to prove the existence of subject matter jurisdiction. *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.

---

**7.** Upon careful reading of plaintiffs' oppositions to the motion to dismiss it appears that plaintiffs are intermingling arguments regarding violations of constitutional rights with arguments regarding claims brought pursuant to the FTCA. As previously indicated, the United States seeks only to dismiss those claims brought pursuant to the FTCA. The United States has not moved to dismiss the *Bivens'* claims alleging violations of constitutional rights.

1995). "The FTCA ordains that the 'law of the place' where the act or omission occurred shall govern actions for damages against the United States." *Rodriguez v. United States*, 54 F.3d 41, 44 (1st Cir. 1995). Virtually all of the acts alleged, save the arrest of Mojica and advising Nicolle of her parents' arrests, took place in Puerto Rico. Hence, Puerto Rico substantive law is applied to the claims brought pursuant to the FTCA.

### 1. Collateral Estoppel

Plaintiffs argue that orders entered by the Court on June 25, 1999 and July 9, 1999, in the underlying criminal case create collateral estoppel which precludes the United States from challenging its conduct and the conclusions of the Court in the criminal case. The United States responds that plaintiffs' reliance on the orders is misplaced for the following reasons: the United States' motion to dismiss is based in significant part on the issue of lack of subject matter jurisdiction; the orders in the criminal case do not have estoppel effect because the issues in the civil case were not fully and fairly litigated in the criminal case and were not subject to a final judgment; and, the issue of whether to grant dismissal of the indictment was a narrow one.

It is plaintiffs' position that certain statements and findings by the Court in the criminal matter "create a collateral estoppel against the Government to plead otherwise before this Court" as to the adjudicated matters on the issue of "gross negligence" by Gil and Vega, the statement by the Court that "this prosecution should not have been initiated," and that the government destroyed records during the criminal investigation. Before delving any further into these issues, the undersigned initially notes that subject matter jurisdiction must first be established. Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed. *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir.1998). Instead, plaintiffs must carry the burden of demonstrating the existence of federal jurisdiction. *Id.; See Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir.1996); *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995). As seen below in Section III.B.2.a. and B.3, with regard to the action or inaction taken by Gil or Vega, there is no subject matter jurisdiction under the FTCA. Hence, there is no need to discuss collateral estoppel as it applies to the criminal orders stating that their actions constituted negligence or gross negligence.

The undersigned now turns to the two other areas that plaintiffs assert the United States is collaterally estopped from contesting; that the criminal prosecution should not have been initiated and that the government destroyed records during the criminal investigation. "The principle of collateral estoppel, or issue preclusion, bars relitigation of any factual or legal issue that was actually decided in previous litigation 'between the parties, whether on the same or a different claim.'" *Keystone Shipping · Co. v. New England Power Co.*, 109 F.3d 46, 51 (1st Cir.1997) (citations omitted). "When the parties in a subsequent action are the same as those in a prior one, a party seeking to invoke the doctrine of issue preclusion must establish four essential elements: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; and (4) the determination of the issue must have been essential to the judgment." *Id.* (citations omitted).

Plaintiffs allege that investigative or law enforcement officers committed the torts of false arrest, malicious prosecution

and abuse of process. In responding to the United States' motion to dismiss plaintiffs contend that the following statement contained in the June 25th trial court order is considered an "adjudicated matter."

For the reasons stated, the Court GRANTS the Request for Dismissal of the Indictment, with prejudice, against all three defendants made by U.S. Attorney Guillermo Gil in open court on June 25, 1999 and hereby terminates a prosecution which should never have been initiated.

*Criminal No. 96–104(CCC) (Docket No. 351).*

Apparently plaintiffs believe that this statement goes to the issues of false arrest, malicious prosecution and abuse of process. Having thoroughly reviewed the June 25th order, it is clear that collateral estoppel is inapplicable to the aforementioned statement and the issues in this civil action. First, the issues in this proceeding and that in the criminal matter are not the same. In the criminal matter, the issue decided by the Court was whether to dismiss, with prejudice, the indictment. Here, the issue is whether the United States has committed the torts of false arrest, malicious prosecution, and abuse of process. Also, the issues of false arrest, malicious prosecution and abuse of process found in this civil matter were not actually litigated in the criminal matter. Indeed, while the presiding judge states the prosecution should not have been initiated, there is no discussion whatsoever of the essential elements of false arrest, malicious prosecution or abuse of process discussed hereinafter. Finally, the statement certainly was not essential to the judgment dismissing the criminal action.

 Plaintiffs next assert that the July 9, 1999, order establishes that the government destroyed some records of plaintiffs during the course of the criminal investigation. According to the July 9th Order, at some point in time IRS documents relevant to the plaintiffs' criminal defense were destroyed; either after a seven-year shelf life or three years after the IRS case was closed from the group. The July 9th Order states that the testimony provided by a criminal investigator for the IRS casts a dark cloud as to the circumstances of the destruction of records. With regard to whether some records were destroyed during the course of the criminal investigation, the Court stated that "this points to the existence of the missing documents during the criminal investigation and not to their prior destruction as claimed."

Once again the undersigned takes note that the issues raised in the case at bar—whether the United States committed the torts of false arrest, malicious prosecution, and abuse of process are not the same issues litigated in the criminal case. While the Court in the underlying criminal case certainly addressed the issue of document destruction, said issue was not actually litigated in the criminal matter. The issue was addressed as a result of a response filed by the government to the Court's June 25, 1999, order. *[See* Criminal 96–104(CCC), Docket Nos. 351, 353.] Also of note is that there was no determination of document destruction by a valid and binding final judgment. A final judgment was entered on the dismissal of the criminal action. The Court, however, precluded the United States from filing any pleadings contesting the Court's July 9, 1999, order and consequently, the government could not fully and fairly litigate the issue nor obtain a valid and binding judgment on the issue. Hence, it is clear that the requisites of collateral estoppel have not met.

Based upon the foregoing analysis, the undersigned concludes that collateral estoppel is inapplicable to the issues raised in this civil cause of action.

### 2. False Arrest, Malicious Prosecution, Abuse of Process

Plaintiffs raise claims of false arrest, malicious prosecution and abuse of process asserting that these torts were committed by Gil, Vega, Johnson and González. As to Gil and Vega it is quite clear that the Court has no subject matter jurisdiction over actions allegedly committed by them.

#### a. Prosecutors

■ It is well established that the conduct of federal prosecutors may not serve as a basis for malicious prosecution, false arrest and abuse of process claims against the United States. Indeed, U.S. attorneys and their assistants who prosecute are not investigative or law enforcement officers as defined by § 2680(h) of the FTCA. The FTCA provides that

> The provisions of this chapter and section 1346(b) of this title shall not apply to—
>
> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h).

■ U.S. Attorneys are not "investigative or law enforcement officers" for purposes of § 2680(h). *Wright v. United States*, 719 F.2d 1032, 1034 (9th Cir.1983). Quite simply, dismissal is proper when claims for malicious prosecution, false arrest and abuse of process are brought against federal prosecutors. *See Moore v. United States*, 213 F.3d 705, 709–710 (D.C.Cir.), *cert. denied*, 531 U.S. 978, 121 S.Ct. 426, 148 L.Ed.2d 434 (2000); *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir.1994); *Ames v. United States*, 600 F.2d 183, 184 n. 3 (8th Cir.1979); *Ware v. United States*, 838 F.Supp. 1561, 1563–64 (M.D.Fl.1993); *Dirienzo v. United States*, 690 F.Supp. 1149, 1158 (D.Conn.1988). Accordingly, there is no jurisdiction for these claims brought as a result of the action of prosecutors Gil and Vega and plaintiffs may not seek redress for any of their alleged conduct for malicious prosecution, abuse of process and false arrest. It is therefore **RECOMMENDED** that the Motion to Dismiss (Docket No. 14) be **GRANTED** for lack of subject matter jurisdiction as to allegations raised against Gil and Vega for false arrest, malicious prosecution and abuse of process.

#### b. Investigative or Law Enforcement Officers

■ FBI agent Johnson and IRS agent González are properly identified as investigative or law enforcement officers and as such it is specifically provided that a cause of action may lie against the United States for their alleged actions. 28 U.S.C. § 2680(h). The United States argues, however, that because there was probable cause for the indictment and no evidence of malice, plaintiffs have failed to state a claim for false arrest, malicious prosecution, and abuse of process. Plaintiffs rebut that argument by asserting that IRS and FBI agents gave incomplete and incorrect information and testimony to the Grand Jury and the U.S. Attorney.

■■■■■ The undersigned now turns to Puerto Rico law to determine if plaintiffs have stated a cause of action thereunder. Under Puerto Rico law "an officer may arrest an individual if 'he has reasonable cause for believing that the person about to be arrested has committed a felony, regardless of whether or not the said offense was in fact committed.'" *Rodriguez v. United States,* 847 F.Supp. 231, 234 (D.P.R.1993) (quoting P.R.Laws Ann. tit. 34, App. II, Rule 11: Change of Plea 11.) "'Reasonable cause' has been defined as a 'suspicion founded upon circumstances sufficiently strong to warrant a reasonable man in the belief that the charge is true.' *Id.* (citations omitted). Additionally, an indictment "fair" upon its face, and returned by a properly constituted grand jury, conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry." *Gerstein v. Pugh,* 420 U.S. 103, 117 n. 19, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

■■■■ The tort of malicious prosecution consists of four elements: 1) that a criminal action was initiated and instigated by defendants; 2) that the criminal action terminated in favor of plaintiffs; 3) that defendants acted with malice and without probable cause; and 4) that plaintiffs suffered damages. *Lora–Rivera v. Drug Enforcement Admin.,* 800 F.Supp. 1049, 1051 (D.P.R.1992) (citations omitted). "An indictment 'fair upon its face' and returned by a 'properly constituted grand jury' conclusively determines the existence of probable cause...." *Id.* (citations omitted). "An indictment is sufficient to try a defendant on the counts charged therein, and satisfies the requirements of the Fifth Amendment, and it cannot even be challenged on the ground that it is based on inadequate or incompetent evidence." *Id.* (citations omitted).

In reviewing the law it is clear that the United States is correct in arguing that a grand jury indictment supplied the requisite probable cause to support the arrest and prosecution of the plaintiffs. The United States argues that the allegations in the amended complaint do not deny that Nogueras owed the IRS taxes and penalties as alleged, that he failed to pay taxes and penalties or that the defendants sought to avoid paying such tax liabilities. The United States also argues that the amended complaint does not deny that Nogueras hired Mr. Torres, a co-defendant in the underlying criminal matter, to represent him before the IRS in a tax case that Torres personally supervised while serving as IRS Branch Chief in Puerto Rico or that Nogueras structured a bank transaction to avoid financing transaction reporting requirements. The United States, however, fails to address the allegations in the complaint that an indictment was returned due to the presentation of false information and the possible tainting of a grand juror. Specifically, the amended complaint alleges that agents of the IRS and the FBI as well as U.S. Attorneys appeared before two grand juries and submitted, false and erroneous information which produced the indictment. Also, the amended complaint alleges that the wife of FBI agent Johnson was on the first grand jury panel and he discussed with her matters relative to his testimony before the grand jury. The amended complaint further alleges that Johnson provided information to the grand jury regarding a monetary transfer which he knew to be false. More, the undersigned notes that in the underlying criminal matter plaintiffs challenged portions of the indictment. *See* Criminal No. 96–104(CCC), Docket No. 107.

Plaintiffs alleged facts in their amended complaint sufficient to rebut the finding of probable cause by the grand jury and that the indictment was fair upon on its face (i.e., agents knowingly providing false information; tainted grand juror). At the

dismissal stage the Court accepts as true the well-pleaded factual allegations of the complaint and draws all reasonable inferences therefrom in the plaintiffs' favor. Therefore, it is **RECOMMENDED** that the Motion to Dismiss (Docket No. 14) **as to the allegations of the actions of the investigative and law enforcement officer (Johnson)** for false arrest and malicious prosecution be **DENIED.**

■■■ The United States also argues that plaintiffs' claim for abuse of process fails under Puerto Rico law as plaintiffs have not alleged that any investigative or law enforcement officers had a "bad" or "ulterior" motive in conducting the prosecution, which was carried out pursuant to a grand jury indictment or that they misused the legal process for an "improper, collateral objective".

"[A]buse of process finds its roots in Article 1802 of the Civil Code, Puerto Rico's general tort provision." *Abreu–Guzman v. Ford,* 69 F.Supp.2d 274, 284 (D.P.R.1999) (citations omitted). "Puerto Rico's civil law recognizes the doctrine of 'abuso del derecho' (abuse of law or right) as well as 'uso ilegal o indebido de un procedimiento judicial' (illegal or undue use of judicial process)." *Id.* (citing *Boschette v. Buck,* 916 F.Supp. 91, 98 (D.P.R. 1996)). However, "it has been left to the courts to determine what are the elements of such cause of action arising under Article 1802." *Id.*

■■■ The First Circuit Court of Appeals has also stated that "even assuming state law recognizes an abuse of process claim based on the initiation of a lawsuit, a party can only prevail if he proves the two elements of an abuse of process claim: ulterior motive and an act of abuse." *Id.* (citing *Simon v. Navon,* 71 F.3d 9, 16 (1st

Cir.1995)). Additionally, there are differences between the tort of malicious prosecution and abuse of process. *Simon v. Navon,* 71 F.3d 9 (1st Cir.1995). Generally, the tort of malicious prosecution is used to challenge the whole of a lawsuit while abuse of process covers the allegedly improper use of individual legal procedures after a suit has been filed properly. *Boschette v. Buck,* 916 F.Supp. 91, 97 (D.P.R. 1996) (*citing Simon v. Navon,* 71 F.3d 9, 15 (1995)). Moreover, "abuse of process cases typically involve misuse of such procedures as discovery, subpoenas, and attachment". *Id.*

The undersigned has thoroughly reviewed the allegations in the amended complaint. There are no allegations of ulterior motive or abuse in the instant case. The allegations are that of either negligence or gross negligence in investigating and prosecuting the underlying criminal case. There are simply no facts pled against any investigative or law enforcement officer to support a claim for abuse of process. Indeed, the allegations in the complaint lend themselves more to a claim for malicious prosecution rather than abuse of process. The abuse of process allegations as they now stand fail to state a claim upon which relief can be granted. Therefore, it is **RECOMMENDED** that Motion to Dismiss (Docket No. 14) **the abuse of process claims** as alleged against investigative or law enforcement officials be **GRANTED** but that said claims be **dismissed, without prejudice,** with leave to amend if plaintiffs so desire.

### 3. Negligent Investigation

The United States moves to dismiss those claims raised as a result of the alleged negligent investigation [8] by the crim-

---

**8.** The First Circuit has declined to speculate whether the Puerto Rico Supreme Court would be receptive to a claim for negligent investigation. *Rodriguez v. United States,* 54 F.3d 41, 47 (1st Cir.1995). Regardless, the undersigned addresses the claim as alleged by the plaintiffs.

inal prosecutors, Gil and Vega, and the FBI and IRS agents. It is the United States' position that said actions are jurisdictionally barred by the discretionary function exception, found at 28 U.S.C. § 2680(a) because criminal investigations involve policy-based discretionary decisions.

Plaintiffs reply that the discretionary function exception is not a bar to the conduct of the FBI and IRS agents as alleged in the amended complaint. With regard to Gil and Vega, plaintiffs argue that investigatory work is not necessarily related to prosecutorial tasks and is not covered by the discretional prosecutory functions, specifically when gross negligence has been alleged and proven in the underlying criminal case. More particularly, plaintiffs argue that investigation is not part of the prosecutorial function and as a result the actions of federal prosecutors Gil and Vega are not shielded from suit by 28 U.S.C. § 2680(h).

The discretionary function exception, 28 U.S.C. § 2680(a), provides that

The provisions of this chapter and section 1346(b) of this title shall not apply to—Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

Its purpose is to permit government employees to carry out their jobs without having to constantly second guess themselves in fear of facing lawsuits. *See United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808–14, 104 S.Ct. 2755, 81 L.Ed.2d 660

(1984). When a claim is covered by the discretionary function exception, it must be dismissed for lack of subject matter jurisdiction. 28 U.S.C. § 1346(b); *Kelly v. United States*, 924 F.2d 355 (1st Cir.1991).

■■ A two-part test is used to determine whether the challenged conduct falls within the discretionary function exception. *Kelly*, 924 F.2d at 360. First, it must be determined whether the conduct itself is discretionary; and, second it must be determined whether the conduct is justified by legitimate governmental policy. *See Shansky v. United States*, 164 F.3d 688, 691 (1st Cir.1999); *Irving v. United States*, 162 F.3d 154, 163 (1st Cir.1998).

■■■ In determining whether the conduct is discretionary, it must be determined whether the governmental employee's duties require him or her to make independent decisions. *See e.g., Kelly v. United States*, 924 F.2d 355, 360 (1st Cir. 1991); *K.W. Thompson Tool Co. v. United States*, 836 F.2d 721 (1st Cir.1988). Of note, is that the discretionary function exception does not apply if "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow" or if "the acts complained of do not involve the permissible exercise of policy discretion." *Ayer v. United States*, 902 F.2d 1038, 1042 n. 1 (1st Cir.1990). As to the second factor, it must be determined whether "some plausible policy justification could have undergirded the challenged conduct." *Shansky*, 164 F.3d at 692. "Investigations by federal law enforcement officers ... clearly require investigative officers to consider relevant political and social circumstances in making decisions about the nature and scope of a criminal investigation." *Sabow v. United States*, 93 F.3d 1445, 1453 (9th Cir.1996).

■■■ The undersigned turns first to the actions of the IRS and FBI agents in

their investigation of plaintiffs. The Amended Complaint alleges that IRS and FBI agents engaged in tortious and negligent acts while engaged in investigative and law enforcement activities in executing a search, seizing evidence, and making an arrest. More particularly, plaintiffs allege that facts in the indictment were incomplete, insufficient and plainly incorrect due primarily to the negligent handling of the case file and appeal papers by IRS and FBI agents who were grossly negligent in their performance and duties as investigative and law enforcement officers. "Although law enforcement agents have a mandatory duty to enforce the law, decisions as to how best to fulfill that duty are protected by the discretionary function exception to the FTCA." *Horta v. Sullivan*, 4 F.3d 2, 21 (1st Cir.1993). Moreover, "[s]ince decisions to investigate, or not, are at the core of law enforcement activity," said conduct is the type of "policy-rooted decision making that section 2680(a) was designed to safeguard." *Kelly v. United States*, 924 F.2d 355, 362 (1st Cir.1991). Of import is that even allegations that investigators intimidated and coerced witnesses will not alter the outcome of a target's FTCA claim. *Moore v. Valder*, 65 F.3d 189, 196–97 (D.C.Cir.1995).

Quite clearly, with regard to the investigatory actions of the IRS and FBI agents, the First Circuit has determined that the decision to investigate and/or prosecute an individual falls squarely within the discretionary function exception found at 28 U.S.C. § 2680(a). *See Barbioni v. United States*, No. 97–1983, 1997 WL 758737 (1st Cir.1997). As a result, there is no subject matter for those claims raising negligent investigation by IRS and FBI agents.

 The exception applies equally to the actions or inactions of prosecutors Gil and Vega, despite Court orders indicating that Gil's actions constituted "gross negligence." As with the IRS and FBI

agents, plaintiffs allege that facts in the indictment were incomplete, insufficient and plainly incorrect due to the gross negligence of Gil and Vega in the investigation and handling of the criminal case. Plaintiffs point to the June 25 and July 9, 1999, orders which discuss in detail the actions of Gil during the prosecution of the criminal case. "Decisions concerning when, whether and whom to prosecute have traditionally been considered discretionary and have been held to fall within the discretionary function exception of 28 U.S.C. § 2680(a)." *K.W. Thompson Tool Co., Inc. v. United States*, 836 F.2d 721, 729 (1st Cir.1988) (citations omitted). "All the components of the final determination— whether, when whom and how—reflect the decision-maker's judgment of how best to enforce compliance and to deter misconduct in others." *Id.* Gil and/or Vega's actions or inactions of investigation are appropriately viewed as the "how" end of their decision in preparing and trying the criminal case.

Of note is that Courts have found that discretionary function exception applies "even though government agents acted with 'poor judgment and a general disregard for sound investigative procedure' ". *Sabow v. United States*, 93 F.3d 1445, 1454 (9th Cir.1996). The prosecutors' actions in the underlying case certainly gives one pause. It is generally expected that attorneys read their case files and be aware of the evidence in a case. Indeed, the presiding judge ordered the Clerk of the Court to notify the Office of Professional Responsibility and the Department of Justice of the June 25, 1999 and July 9, 1999 order. Regardless, "Congress did not intend to provide judicial review of the quality of investigative efforts." *Pooler v. United States*, 787 F.2d 868, 871 (3d Cir.1986). In light of the foregoing subject matter jurisdiction simply does not lie for the actions of U.S. Attorney Gil and Assistant U.S.

Attorney Vega as a result of their alleged negligent investigation of the underlying criminal matter.

The actions of the FBI and IRS agents as well as those of U.S. Attorney Gil and Assistant U.S. Attorney Vega were discretionary and justified by legitimate policy considerations. Therefore, the undersigned finds that the allegations of negligent investigation against the United States fall within the discretionary function exception of the FTCA and are barred for lack of subject matter jurisdiction. Accordingly, it is **RECOMMENDED** that the Motion to Dismiss (Docket No. 14) be **GRANTED** for those claims brought pursuant to the FTCA for negligent investigation.

## IV. MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs move for partial summary judgment against the United States[9] based upon the actions of U.S. Attorney Gil (Docket No. 29). Plaintiffs assert that the United States is barred by collateral estoppel from contesting liability based upon orders entered by the presiding and trial judge in the underlying criminal matter. *See* Criminal No. 96–104(CCC). More particularly, plaintiffs state that whether Gil was negligent in the discharge of his duties is a question not subject to collateral attack in these proceedings (Docket No. 29).

The United States responds that plaintiffs have failed to set forth material undisputed facts establishing the specific elements of their tort claims which are grounded on false arrest and malicious prosecution. Additionally, the United States asserts that plaintiffs have not shown they are entitled to judgment as a matter of law as jurisdictional issues are

implicated pursuant to the FTCA as well as other legal issues under Puerto Rico law (Docket No. 30).

### A. Standard

Summary judgment is granted when, based upon the pleadings, affidavits, and depositions, "there is no genuine issue as to any material fact, and [where] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Gaskell v. Harvard Coop. Soc'y*, 3 F.3d 495, 497 (1st. Cir.1993). A dispute of fact is only genuine if there is sufficient evidence to permit a reasonable jury to resolve the point in the nonmoving party's favor. *NASCO, Inc. v. Public Storage, Inc.*, 29 F.3d 28, 32 (1st Cir.1994). While all reasonable inferences must be indulged in favor of the non-moving party, *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 105 (1st Cir.1988), a fact is considered material only when it has the "potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado*, 990 F.2d 701, 703 (1st Cir.1993).

### B. Federal Tort Claims Act

Plaintiffs seek partial summary judgment for their claim brought pursuant to the FTCA. As discussed herein above, this court lacks subject matter jurisdiction for the claims brought pursuant to the actions taken by U.S. Attorney Gil in the underlying criminal matter. First, as discussed previously in section III.B.2.a., the conduct of a federal prosecutor such as Gil may not serve as a basis for malicious prosecution, false arrest and abuse of process claims against the United States. 28 U.S.C. § 2680(h). Second, the conduct of Gil, alleged as negligent investigation and discussed in III.B.3 above, falls within the

---

**9.** Plaintiffs actually seek summary judgment against Gil and the United States. The undersigned recommended in "Section II" that Gil

be substituted by the United States for those claims brought against him pursuant to the FTCA.

discretionary function exception of the FTCA. 28 U.S.C. § 2680(a). As such all claims against the United States based upon the action or inaction of Gil are barred for lack of subject matter jurisdiction.

Therefore, it is **RECOMMENDED,** that the Plaintiffs' Motion for Summary Judgment be **DENIED** (Docket No. 29).

## V. CONCLUSION

Based on the foregoing analysis, it is therefore **RECOMMENDED** as follows:

- That the United States Motion to Dismiss be **GRANTED in part and DENIED in part** (Docket No. 14) as follows:
 - that the Motion to Dismiss be GRANTED for lack of subject matter jurisdiction as to allegations raised against Gil and Vega for false arrest, malicious prosecution and abuse of process (Section III.B.2.a).
 - that the Motion to Dismiss be DENIED as to the allegations of the actions of the investigative and law enforcement officers for false arrest and malicious prosecution (Section III.B.2).
 - that the Motion to Dismiss be GRANTED as to the abuse of process claims as alleged against investigative or law enforcement officials BUT that said claims be dismissed without prejudice, with leave to amend if plaintiffs so desire (Section III.B.2.b).
 - that the Motion to Dismiss be GRANTED (as to prosecutors and law enforcement agents) as to the negligent investigation claims (Section III.B.3).
- That plaintiffs' Motion for Partial Summary Judgment be DENIED (Docket No. 29) (Section IV).
- That defendants' Motion for Substitution (Docket No. 36) be **GRANTED** and that all Puerto Rico common law claims be dismissed with prejudice against the individually named defendants (Section II).

Should this Report and Recommendation be adopted, the following will remain as viable claims: 1) the false arrest and malicious prosecution allegations brought pursuant to the Federal Tort Claims Act against the United States, for the actions of FBI and IRS agents; and 2) the *Bivens* claim for violations of plaintiffs' federal constitutional rights against U.S. Attorney Gil, Assistant U.S. Attorney Vega and FBI Agent Johnson. Additionally, should this report and recommendation be adopted, if plaintiffs so desire, they may amend their complaint with regard to the allegations of abuse of process against the United States for the actions of FBI and IRS agents.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 11: Change of Plea 504.3 of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of notice. Rule 11: Change of Plea 510.1, Local Rules of Court; Fed. R.Civ.P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate–Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate–Judge. *Paterson–Leitch v. Massachusetts Elec.,* 840 F.2d 985 (1st Cir. 1988).

Copy of the Report and Recommendation is to be served upon the parties by facsimile on this same date.

SO RECOMMENDED.