**UNITED STATES of America,
Plaintiff,**

v.

**Brian Lee McKINNON, Defendant.**

**No. CR 02–356 VRW.**

United States District Court,
N.D. California.

Aug. 15, 2003.

Daniel Blank, Federal Public Defender's Office, San Francisco, CA, for defendant.

William I. Shockley, U.S. Attorney Office, San Francisco, CA, for U.S.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WALKER, District Judge.

Defendant has been charged in a one-count superseding indictment with a violation of 18 USC § 844(f)(1) and (f)(2), malicious damage and destruction to property of the United States by fire creating a substantial risk of harm to one or more persons. Doc # 34. On July 29, 2003, with the consent of the government and approval of the court, defendant waived his right to a jury trial pursuant to FRCrP 23(a). Doc # 71. The case was tried to the court on July 30, 2003. The court herein makes its findings of fact and conclusions of law:

## I. FINDINGS OF FACT

1. The parties have stipulated that the following facts shall be deemed proved beyond a reasonable doubt:

 a. On September 21, 2002, in Humboldt County, Northern District of California, defendant set fire to grasses in several locations off Big Hill Road, using fusees and matches;

 b. Defendant set the fires (the Big Hill fires) as a conscious intentional act done knowingly and with a design to do an intentionally wrongful act injurious to the property of others, without lawful reason, cause or excuse, and not by accident or involuntarily;

 c. The Big Hill fires damaged standing timber and other live vegetation growing within the boundaries of the Hoopa Valley Indian Reservation, in those portions of the reservation visually depicted in Composite Exhibit One (Doc # 72, Exh # 1), the pages of which are Bates stamped 082 and 083, which were excerpted from the "Emergency Stabilization and Rehabilitation Plan, Hoopa Valley Indian Reservation, September, 2002;"

 d. The portions of land depicted in Composite Exhibit One are legally described as:

 T 8 N, R 4 E, Humboldt Meridian

 Sec 12: Portions of Lots 2–4;

 Sec 13: Portions of Lot 18; and

 T 8 N, R 5 E, Humboldt Meridian

 Sec 7: Portions of Lots 2–4, SE1/NW1/4, E1/2SW1/4 and W1/2SE1/4;

 e. The land depicted in Composite Exhibit One and described in paragraph d above was on September 21, 2002,

held in trust by the United States for benefit of the Hoopa Valley Tribe. Doc # 72.

2. The Hoopa Valley Reservation, as currently constituted, was created by act of Congress in 1988. See 25 USC § 1300i–1(b).

3. Unallotted trust lands and assets of the Hoopa Valley Reservation are held in trust by the United States for the benefit of the Hoopa Valley Tribe. See 25 USC § 1300i–1(b).

4. Section 1300i–1(b) of Title 25 of the United States Code does not, by its terms, provide for the retention by the United States of any ownership interest in the land comprising the Hoopa valley Reservation or the timber and vegetation thereon. Id.

5. Unallotted trust lands are lands held in trust by the United States for an Indian tribe as a whole; allotted trust lands are lands held in trust by the United States for individuals (or families) to whom Congress has assigned ownership rights in specific parcels of land.

6. The timber and vegetation burned by the Big Hill fires was growing on unallotted trust land of the Hoopa Valley Reservation.

7. The United States has no possessory or leasehold interest in the timber or vegetation burned by the Big Hill fires.

8. The United States' duties as trustee of unallotted trust lands on the Hoopa Valley Reservation include obligations to regulate sales of timber from unallotted trust lands. See, e g, 25 USC §§ 406 and 407 (regulating timber sales on land held in trust for Indian tribes).

9. The regulatory and fiduciary duties of the United States neither create nor imply an ownership interest in the United States in the timber growing on unallotted reservation lands on the Hoopa Valley Reservation. See *United States v. Algoma Lumber Co,* 305 U.S. 415, 420, 59 S.Ct. 267, 83 L.Ed. 260 (1939) ("Under the provisions of the treaty [creating the Klamath Reservation] and established principles applicable to land reservations created for the benefit of the Indian tribes, the Indians are beneficial owners of the land and the timber standing upon it and of the proceeds of their sale, subject to the plenary power of control by the United States, to be exercised for the benefit and protection of the Indians.") (internal citation omitted); see also *United States v. Shoshone Tribe of Indians of Wind River Reservation in Wyoming,* 304 U.S. 111, 116, 58 S.Ct. 794, 82 L.Ed. 1213 (1938).

## II. CONCLUSIONS OF LAW

1. To prove a violation of 18 USC § 844(f)(1), the government must prove beyond a reasonable doubt the following elements: that defendant (1) maliciously (2) damaged or destroyed or attempted to damage or destroy (3) by means of fire or an explosive (4) any building, vehicle, or other personal or real property in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, or any institution or organization receiving Federal financial assistance.

2. The facts to which the parties have stipulated satisfy the government's burden regarding the first three elements of the charged offense.

3. The United States' reversionary interest in the land of the Hoopa Valley Reservation—i e, its ability to extinguish the reservation and reclaim title to the land—is not an ownership interest in unallotted Hoopa Valley Reservation lands or the timber and vegetation growing on such lands. See *Shoshone,* 304 U.S. at 116, 58 S.Ct. 794 ("[T]he United States granted and assured to the tribe peaceable and unqualified possession of the land in perpe

tuity. Minerals and standing timber are constituent elements of the land itself. For all practical purposes, the tribe owned the land. Grants of land subject to the Indian title by the United States, which had only the naked fee, would transfer no beneficial interest." (internal citations omitted)).

4. The United States' fiduciary and regulatory duties as trustee of the Hoopa Valley Reservation land do not create in the United States an ownership interest in the land of the Hoopa Valley Reservation land or the timber and vegetation growing thereon.

5. The government has not proved beyond a reasonable doubt that the United States had, at the time defendant set the Big Hill fires, any ownership interest in the timber and vegetation burned by those fires.

6. The government has conceded that it neither has charged nor can prove that the United States had any possessory or leasehold interest in the timber and vegetation burned by the Big Hill fires at the time defendant set those fires.

7. Accordingly, the government has not proved beyond a reasonable doubt that the United States in part or in whole owned the timber or vegetation burned in the Big Hill fires as of the date defendant set the fires.

8. Because the government has failed to prove beyond a reasonable doubt the jurisdictional element of the charged offense, the court must find defendant NOT GUILTY of a violation of 18 USC § 844(f)(1) and (f)(2).

The court directs the clerk to enter a verdict of NOT GUILTY on the sole count of the superseding indictment, to enter judgment for defendant, to terminate all pending motions and to close the file. Having been found not guilty of the charge against him, defendant is ORDERED released from federal custody.

IT IS SO ORDERED.

## JUDGMENT.

In pursuant to Findings of Fact and Conclusions of Law filed August 15, 2003, a NOT GUILTY verdict on the sole count of the superseding indictment is hereby entered.

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of defendant.