**UNITED STATES of America, Plaintiff,**

v.

**Ismael HEREDIA ORTIZ [1], Defendant.**

**Criminal No. 07–054(DRD).**

United States District Court, D. Puerto Rico.

Nov. 21, 2007.

Marlene Aponte–Cabrera, Aponte Cabrera Law Offices, San Juan, PR, for Defendant.

Dina Avila–Jimenez, United States Attorney's Office, San Juan, PR, for Plaintiff.

**ORDER APPROVING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court is defendant Ismael Heredia Ortiz' ("Heredia") *Preliminary Motion To Dismiss For Lack Of Federal Jurisdiction ("Motion")* (Docket No. 48), and the Government's *Response In Opposition To Defendant's Motion* (Docket No. 55). This matter was referred to the Magistrate Judge Vélez–Rivé and a Report and Recommendation was issued on October 24, 2007 (Docket No. 74). The Magistrate Judge recommended that Heredia's motion be denied. The Magistrate Judge appropriately forewarned Heredia of the provisions of Rule 72(d) of the Federal Rule of Civil Procedure ("Fed.R.Civ.P."), that any written objections to the Report and Recommendation must be filed with the Clerk of Court within the next ten (10) days upon receipt of the Report and Recommendation. Furthermore, Heredia was advised that failure to comply with the provisions of Rule 72(d) of the Fed.R.Civ.P. precluded any further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d

435 (1985). *See also* Rule 72(d) of the Local Civil Rules of the United States District Court for the District of Puerto Rico.

The record shows that Heredia did not oppose the Report and Recommendation. Hence, the Court needs only satisfy itself that there is no plain error on the face of the record in order to accept an unopposed Report and Recommendation. *See Douglass v. United Servs. Auto, Ass'n,* 79 F.3d 1415 (5th Cir.1996); *Nogueras–Cartagena v. United States,* 172 F.Supp.2d 296, 305 (D.P.R.2001); *Garcia v. I.N.S.,* 733 F.Supp. 1554 (M.D.Pa.1990).

The Court has reviewed the Magistrate Judge's report and recommendation and finds no plain error, as Heredia's challenge of lack of federal jurisdiction is contrary to the applicable law and precedent; on the contrary, the supporting evidence submitted by the Government is well grounded. The Court briefly explains.

### Factual Background

On or about November 26 and 27, 2006, Heredia and other individuals maliciously damaged and destroyed "by means of fire a building, that is, Apartment 111, Building 22, in the Jesus T. Piñero Public Housing Project in Canovanas, Puerto Rico, which was then owned, possessed, used by or leased to the United States Housing Urban Development Agency, an institution or organization receiving Federal financial assistance, directly causing personal injury to a minor, that is, burns to L.A.R.D., and creating a substantial risk of injury to others. All in violation of Title 18, *United States Code,* §§ 844(f)(1), (f)(2) and 2." *See* Indictment of February 14, 2007 (Docket No. 26).

Heredia moved to dismiss the Indictment on the ground that there is no federal jurisdiction, as the Jesus T. Piñero Housing Project did not receive federal grants during the year 2006, that is, when the alleged offense was committed (Docket No. 48). The Government opposed the dismissal request (Docket No. 55). After a careful review of the record, the Court finds that there exists federal jurisdiction.

### The Offense Against Property of the United States

18 U.S.C. § 844(f)(1) provides: "Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other personal or real property in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, or any institution or organization receiving Federal financial assistance, shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both."

In *United States v. McKinnon,* 281 F.Supp.2d 1146, 1148 (N.D.Cal.2003), the Court held:

> To prove a violation of 18 U.S.C. § 844(f)(1), the government must prove beyond a reasonable doubt the following elements: that defendant (1) maliciously (2) damaged or destroyed or destroyed or attempted to damage or destroy (3) by means of fire or an explosive (4) any building, vehicle, or other personal or real property in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, or any institution or organization receiving Federal financial assistance.

*See also United States v. Tubbs,* 2007 WL 2751406,*2 (W.D.Wash. September 19, 2007), citing *United States v. Brown,* 384 F.Supp. 1151, 1160 (reversed on other grounds), 557 F.2d 541 (6th Cir.1977), "Congress must have the means to protect those institutions it is currently funding to carry out federal programs if those programs are to be economically or expedi-

tiously carried out. *Brown*, 384 F.Supp. at 1160. The institution need not be part of government, but need only be effectuating a national program with Federal funds. *Id.* at 1159."

Heredia alleges, in very general terms, that there is no federal jurisdiction, as (a) the Jesus T. Piñero Housing Project did not receive a federal grant during the year 2006; (b) there was no damage caused to the "structure or integrity of the building, since the repairs to the apartment unit from the soot only required water pressure cleaning and painting and no federal funds were involved;" (c) no evidence of Molotov cocktails were found at the site; (d) no evidence of explosive devices, bombs or other artifacts, "other than the Roman candles that can be store-bought in any commercial facility and low quality rinky-dink firecrackers," were found at the site; (e) "the chemical traces lifted from the scene are consistent with the gas chemical component commonly used in air conditioners, and the Roman candles are said to have been introduced through the air conditioner hole in the apartment;" and, (f) "there is no physical evidence, nor reliable evidence that any defendant in fact possessed a working a firearm and carried or brandished the same while committing a federal felony offense. The improper use of Roman Candles or fireworks under local law is a mere misdemeanor." *See* Docket No. 48.

The Government argues, and submitted supporting sufficient evidence showing that, the "Jesus T. Pineiro Development is part of the Puerto Rico Public Housing Administration (RQ–3053) property inventory. The PRPHA has received without any interruptions from the Federal Department of Housing and Urban Development (HUD) operational funds to administer the same since July of 1954." *See* Docket No. 55, Exhibit B. The Govern-

ment further argues that the "United States must prove beyond a reasonable doubt that the Jesus T. Pifiero Public Housing Project was then owned, possessed, used by or leased to the United States Housing Urban Development Agency, an institution or organization receiving Federal financing assistance." *See* Docket No. 55 at pages 4–5. The record shows that the evidence submitted by the Government has not been contested by defendant Heredia.

The Magistrate Judge concluded that Heredia's motion should be denied, as the elements of the offense provided by 18 U.S.C. § 844(f)(1) "is a jurisdictional predicate for a violation charged under Title 18, *United States Code*, Section 844(f)(1), and as such, to be proven before the trier of facts." *See* Docket No. 74 at page 3. The Government further "submits that, even if the Court determines such issue need not go to the jury, defendant Heredia Ortiz' request for dismissal is still to be denied since the Jesus T. Piiiero Public Housing Project was in fact receiving federal assistance in November of 2006." *See Report and Recommendation* (Docket No. 74 at pages 3–4). Thus, "the jurisdictional element is sufficiently established as to Count One that the Jesus T. Piiiero Housing Project is owned, possessed, or leased to, the United States or any department or agency thereof. Subsequently before the trier of facts, the government would need to meet its burden to further established these requisites." *See Report and Recommendation* (Docket No. 74 at page 5). The Court finds that the findings and conclusions of the Magistrate Judge are not clearly erroneous.

The Court further notes that the Government requested the dismissal of Count Two of the Indictment as to Heredia and the other defendants (Docket No. 60), and

the same was granted by the Court (Docket No. 63).

## Conclusion

For the reasons set forth above, the Court finds no plain error in the findings made by the Magistrate Judge. Hence, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge dated October 24, 2007 (Docket No. 74).

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

CAMILLE L. VELEZ–RIVE, United States Magistrate Judge.

## INTRODUCTION

Above defendant Ismael Heredia Ortiz (hereinafter "Heredia Ortiz") filed a Preliminary Motion to Dismiss limiting his request for dismissal on counsel's submissions of lack of federal funding (**Docket No. 48**). The government filed its opposition and attached, contrary to defendant, documents which contradict defendant Heredia Ortiz' averments of lack of federal subject matter jurisdiction. (**Docket No. 55**).

On September 25, 2007, the Court referred these motions to this Magistrate Judge for report and recommendation (**Docket Nos. 64, 65**).

## GENERAL BACKGROUND

Defendant Heredia Ortiz was charged, together with three (3) other individuals, in a federal indictment for violation to Title 18, *United States Code*, Sections 844(f)(1) and Title 18, *United States Code*, Section 924(c)(1)(A)(I). These charges originate for maliciously causing damages or destroying, by means of fire or an explosive, a building or real property that was in whole or in part owned or possessed by, or leased to, the United States ... or any institution or organization received federal financial assistance. Thereunder defendant Heredia Ortiz is charged in Count One of the Indictment with:

From on or about November 26, 2006 up to and including November 27, 2006, in the District of Puerto Rico and elsewhere ... defendants herein, aiding and abetting each other, did maliciously damage or destroy by means of fire or an explosive a building, that is, Apartment 111, Building 22, in the Jesús T. Piñero Housing Project in Canóvanas, Puerto Rico, which was then owned, possessed, used by or leased to the United States Housing Urban Development Agency, an institution or organization receiving Federal financial assistance, directly causing personal injury to a minor, that is, burns to L.A.R.D., and creating a substantial risk of injury to others. All in violation of Title 18, *United States Code*, §§ 844(f)(1), (f)(2) and 2.

In Count Two, defendant is charged with:

From on or about November 26, 2006 up to and including November 27, 2006, in the District of Puerto Rico and elsewhere ... defendants, aiding and abetting each other, during and in relation to a crime of violence, for which they may be prosecuted in a Court of the United States, that is, aiding and abetting each other, they did maliciously destroy or damage by means of fire or an explosive Apartment 111, Building 22, in the Jesús T. Piñero Housing Project in Canóvanas, Puerto Rico, in violation of Title 18, *United States Code*, §§ 844(f)(1) and §§ 844(I), as charged in Count One of this Indictment, did knowingly and unlawfully possess, use, carry and brandish a destructive device, as that term defined in Title 18, *United States Code*, § 921(a)(4), that is, an incendiary, an explosive, or similar to a

Molotov cocktail, that is, bottles with cotton applicators used as wicks containing a flammable combustible substance. All in violation of Title 18, *United States Code,* §§ 924(c)(1)(B), (c)(1)(B)(ii) and 2.

Defendant Heredia Ortiz submits there is no federal jurisdiction since the Jesús T. Piñero Housing Project did not receive federal grants for the year 2006; there was no damage to the structure or integrity of the building since the repairs to the apartment unit from the soot only required water pressure cleaning and painting and no federal funds were involved; there is no molotov cocktail evidence in this case, no explosive, bomb or other artifact in this case, except for roman candles, which are said to have been introduced through the air conditioner hole in the apartment and chemical traces lifted from the scene are consistent with gas chemical component commonly used in air conditioners, and there is no physical evidence that any defendant possessed a working firearm and carried or brandished same while committing a federal felony offense.

## LEGAL DISCUSSION

Defendant Heredia Ortiz submits, based on counsel's arguments and without any support thereof, there is no federal jurisdiction as to the offense charged since the Jesús T. Piñero Housing Project did not receive federal funds or grants at the time of the alleged commission of the offense, the year 2006. Defendant further avers the means used for the offense, roman candles, are not a working firearm, molotov cocktail or explosive device that could trigger an offense under Count Two of the indictment.

The government's response in opposition attaches documents which will establish before the jury as the element of the offense for Count One, the Jesús T. Piñero Public Housing Project was then owned, possessed, used by or leased to the United States Housing Urban Development Agency, an institution or organization receiving federal financial assistance. This is a jurisdictional predicate for a violation charged under Title 18, *United States Code,* Section 844(f)(1), and as such, to be proven before the trier of facts. The government submits that, even if the Court determines such issue need not go to the jury, defendant Heredia Ortiz' request for dismissal is still to be denied since the Jesús T. Piñero Public Housing Project was in fact receiving federal assistance in November of 2006. Consonant with this proposition, which defies counsel for defendant's claim no federal funding was involved, the letter from the General Counsel of the Public Housing Administration shows the housing project received without interruption from the Federal Department of Housing and Urban Development ("HUD") operational funds to administer the same since July 1954. *Exhibit B.* Additional attachments, including budget approvals for these funds and by the management agent of the public residential project, A & M, further establish Jesús T. Piñero Housing Project as one of the residential projects under management, whose operating budget was approved by HUD for the year 2006. *Exhibits C, D, and E.*

### A. Federal Subject Matter Jurisdiction.

The government properly submits it needs to establish the jurisdictional predicate for the offense under Section 844(f)(1) to the trier of facts, that is, a jury. It equates this element as similar to an offense for bank robbery which requires the government to establish to the jury the funds were federally insured at the time of the robbery. See Title 18, *United States Code,* Section 2113. Likewise, the carjacking statute would require the government

to establish the vehicle was shipped or transported in interstate or foreign commerce; see Title 18, *United States Code*, Section 2119 and the federal arson statute in Section 844(I) requires to establish the used in commerce or used in an activity affecting interstate commerce of the property object of the offense.

Count One of the indictment provides defendants violated Title 18, *United States Code*, Section 844(f)(1). In opposition to defendant's request for dismissal, based on arguments by counsel no federal funding were involved in regard to the Jesús T. Piñero Public Housing for the year 2006, when the offense was allegedly committed, the government submitted having evidence of the jurisdictional element of the offense in that at the time of the fire or explosion said public housing was owned, possessed, used or leased to the United States or an institution or organization receiving federal financial assistance.

At this stage of the proceedings the jurisdictional element is sufficiently established as to Count One that the Jesús T. Piñero Housing Project is owned, possessed, leased to the United States or any department or agency thereof. Subsequently before the trier of facts, the government would need to meet its burden to further establish these requisites.

### B. Incendiary Device and Section 924(c).

Defendants initially submitted a request for dismissal as to Count Two of the Indictment since, although it requires the use of an incendiary device, bomb or molotov cocktail, under Section 924(c), the evidence solely establishes the use of roman candles or fireworks.

Subsequent to defendants' request, the government filed for dismissal, without prejudice, of Count Two in the interest of justice. **(Docket No. 60).** On September 19, 2007, the Court granted dismissal of Count Two **(Docket No. 63).** Therefore, defendants' request for dismissal has now become moot.

### CONCLUSION

In view of the foregoing, it is recommended that the Motion to Dismiss **(Docket No. 48)** be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").