**UNITED STATES of America,**
**Plaintiff(s),**

v.

**Cisnero PAREDES–REYES**
**[6], Defendant(s).**

**Criminal No. 12–616 (DRD).**

United States District Court,
D. Puerto Rico.

Jan. 21, 2014.

---

Dennise N. Longo Quinones, United States Attorneys Office District of Puerto Rico, San Juan, PR, for Plaintiff.

Robert Millan, Millan Law Offices, San Juan, PR, for Defendant.

## OMNIBUS ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court are several matters, to wit: (a) *Motion to Suppress* filed by defendant Cisnero Paredes Reyes ("Paredes–Reyes") on April 24, 2013, Docket No. 115; (b) *Report and Recommendation* issued by the United States Magistrate Judge Camille Vélez Rivé ("U.S. Magistrate Judge") on May 15, 2013, Docket No. 127; (c) *Motion for Reconsideration* filed by defendant Paredes Reyes on July 17, 2013, Docket No. 136; (d) *United States' Motion for Leave to File a Response in Opposition to Motion for Reconsideration* filed on August 30, 2013, Docket No. 156; (e) *Motion for* [sic] *Compliance* filed by defendant Paredes Reyes on September 6, 2013, Docket No. 158; (f) *Order* of September 9, 2013 issued by U.S. Magistrate Judge Vélez Rivé, Docket No. 160, wherein the U.S. Magistrate Judge denied defendant's reconsideration request based on alleged new evidence and the Government's opposition;[1] (g) *Urgent Motion for Severance or for Continuance* filed by Paredes Reyes, Docket No. 178, and (h) *United States' Response in Opposition to*

---

1. U.S. Magistrate Judge Vélez–Rivé denied the defendant's motion for reconsideration after carefully examining the Government's op- position to the reconsideration request, and the defendant's motion in compliance, Docket entries No. 136, 156, 158.

*Defendant Cisnero Paredes–Reyes' Motion for Severance (Docket No. 178),* Docket No. 182. For the reasons set forth below, the Court: (a) adopts the *Report and Recommendation,* Docket No. 127; (b) affirms the *Order* of September 9, 2013 issued by the U.S. Magistrate Judge disposing of the defendant Paredes Reyes' motion for reconsideration, Docket No. 160; and (c) denies the *Motion for Severance,* Docket No. 178.

### Factual and Procedural Background

An Indictment was filed against the defendant Paredes Reyes on August 9, 2013, Docket No. 24. Defendant Paredes Reyes was charged with six Counts, to wit: (a) Count One for charges on conspiracy to possess with intent to distribute controlled substances, 21 U.S.C. §§ 846 and 841(a)(1) and 841(b)(1)(A)(ii); (b) Count Two for conspiracy to import controlled substances, 21 U.S.C. §§ 952 and 963; (c) Count Three for possession with intent to distribute controlled substances, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii); (d) Count Four for importation of controlled substances, 21 U.S.C. §§ 952 and 960; (e) Count Five for using, carrying or possessing a firearm during and in relation to crimes of violence or drug trafficking, 18 U.S.C. § 924(c)(1)(A); (f) Count Six for possession of a firearm with an obliterated Serial Number, 18 U.S.C. § 922(k). The Indictment also includes forfeitures claims as to all the indicted defendants. *See* Docket No. 24.

On April 24, 2013, defendant Paredes Reyes filed a *Motion to Suppress,* Docket No. 115. Said motion was referred to the Clerk of Court to be assigned at random to a Magistrate Judge for report and recommendation, Docket entries No. 125, 126. On July 17, 2013, Paredes Reyes filed a *Motion for Reconsideration,* Docket entries No. 136 and 158, followed by the Government's opposition, Docket No. 156.

On November 15, 2013 Paredes Reyes filed an *Urgent Motion for Severance or for Continuance,* Docket No. 178. On December 2, 2013, the Government filed its opposition, Docket No. 182. The Court briefly address all pending matters below.

### A. *The Report and Recommendation Re: Motion to Suppress; the Motion for Reconsideration, and the Order of September 9, 2013.*

*The Report and Recommendation*

Defendant Paredes Reyes moved the Court to suppress "all evidence seized by the government in the search of the premises located at Valle Arriba Heights, 1720 21st Street, Carolina, Puerto Rico on August 2, 2012," on the grounds of: (a) defendant's expectation of privacy; (b) the search "warrant was unconstitutional on its face because it was not supported on probable cause, was based upon stale information and mere speculations;" (c) "the warrant was obtained and executed by the government in a manner which violated defendant's right to process of law." *See* Docket No. 115, pages 1–2. Except for the legal analysis included in the request for suppression of evidence, the defendant failed to include any evidence and/or sworn statement(s) in support of his argument.

On May 8, 2013, the Court referred the defendant's *Motion to Suppress* to the Clerk of Court to be assigned at random to a Magistrate Judge and to render a report and recommendation on this matter. On May 15, 2013, the Clerk randomly assigned this matter to the U.S. Magistrate Judge Vélez Rivé. *See* Docket entries No. 115, 125, 126. A *Report and Recommendation* was entered on the same date, that is, May 15, 2013. *See* Docket No. 127. "The parties have fourteen (14) days to file any objections to this report and recommendation.... Failure to file same within the specified time waives the right to appeal

this order." *See* Docket No. 127, page 5. The U.S. Magistrate Judge denied the defendant's *Motion to Suppress.*

### Standard of Review

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Rule 59(b)(2) of the Federal Rules of Criminal Procedure ("Fed. R.Crim.P."), and Local Rule 72(a)(6) of the Local Rules for the District of Puerto Rico, as amended ("Local Rules"). *See Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). As a general rule, an adversely affected party may contest the Magistrate Judge's report and recommendation by filing its objections within fourteen (14) days after being served a copy thereof. *See* Local Rule 72. Moreover, 28 U.S.C. § 636(b)(1), in its pertinent part, provides that:

> Within fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir. 1992). Thus, in order to accept the unopposed *Report and Recommendation,* the Court needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n,* 79 F.3d 1415, 1419 (5th Cir.1996)(*en banc* )(extending the deferential "plain error" standard of review to the unobjected legal conclusions of a magistrate judge); *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982)(*en banc* )(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Nogueras–Cartagena v. United States,* 172 F.Supp.2d 296, 305 (D.P.R.2001) ("Court reviews [unopposed] Magistrate [Judge]'s Report and Recommendation to ascertain whether or not the Magistrate [Judge]'s recommendation was clearly erroneous")(adopting the Advisory Committee note regarding Fed.R.Civ.P 72(b)); *Garcia v. I.N.S.,* 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

In the instant case, the U.S. Magistrate Judge issued a *Report and Recommendation* on May 15, 2013, Docket No. 127. The U.S. Magistrate Judge granted the parties fourteen days to object the *Report and Recommendation,* from its receipt. The record shows that defendant Paredes Reyes failed to timely object to the *Report and Recommendation,* and opted to file instead a *Motion for Reconsideration* based on new evidence, which was filed more than two months after the issuance of the *Report and Recommendation,* with leave of Court. *See* Docket entries No. 128, 131 and 136.

### *The Motion for Reconsideration and the Order of September 9, 2013*

Defendant Paredes Reyes filed a *Motion for Reconsideration* on July 17, 2013,

Docket No. 136, based on three grounds: (a) defendant failed to show "that he had standing or expectation of privacy as to the premises searched;" (b) lack of probable cause at the time the search warrant was issued; (c) new evidence, and (d) reconsideration of the U.S. Magistrate Judge's decision, as it was issued without a suppression hearing, and reinstating that the evidence seized be suppressed. On August 30, 2013, the United States filed a *Response in Opposition to Motion for Reconsideration,* Docket No. 156, on the grounds that the evidence seized was a result from "a validly issued Search Warrant." *See* Docket No. 156–1, page 2. The United States further alleges that defendant Paredes Reyes rests his reconsideration on the argument that the "Magistrate Judge McGiverin lacked probable cause to issue the Search Warrant." *Id.* at page 9. The United States further alleges that Paredes Reyes failed to consider the totality of the circumstances set forth in the Affidavit, which "support Magistrate Judge McGiverin's determination that 'there is a reasonable cause to believe that the specific thing to be searched for is located on the property to which entry is sought.' *United States v. Feliz,* 20 F.Supp.2d 97 (D.Me. 1998)." *See* Docket No. 156–1, page 9. "Once there is probable cause to believe that a crime has been committed—and in this case there was ample evidence of an ongoing conspiracy to possess cocaine with intent to distribute—, a warrant may issue for search of any place there is probable cause to believe may be the place of concealment of evidence of the crime, even though the owner of the place is not culpable. *Zurcher v. Stanford Daily,* 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978)." *Id.*

On September 9, 2013, the U.S. Magistrate Judge Vélez Rivé issued a thorough *Order* denying the *Motion for Reconsideration* filed by Paredes Reyes, without an evidentiary hearing. *See* Docket No. 160. As of this date, the *Order* issued by the U.S. Magistrate Judge remains uncontested. This case is set for jury trial on January 21, 2014.

For purposes of this *Order,* the Court assumes that the *Report and Recommendation* of May 15, 2013, stands unopposed, as it was not timely objected by the defendant, and the *Order* of September 9, 2013 issued by the U.S. Magistrate Judge Vélez Rivé is final, as it stands uncontested as of this date. We therefor review the U.S. Magistrate's *Report and Recommendation* only under "clear erroneous" or "plain error" standard.

After a careful review of the U.S. Magistrate Judge's thorough *Report and Recommendation,* Docket No. 127, the Court finds that there is no plain error. Hence, the Court hereby adopts the legal analysis made by U.S. Magistrate Judge Vélez Rivé in the *Report and Recommendation,* Docket No. 127. Furthermore, the Court fully agrees with the legal analysis made by U.S. Magistrate Judge Vélez Rivé in the *Order* of September 9, 2013, Docket No. 160. The Court finds that there is no need to repeat what has already been stated by the U.S. Magistrate Judge, and uncontested by the parties after the defendant's reconsideration request, as well as the prompt ruling on the motion for reconsideration issued by the U.S. Magistrate Judge, which also stands unchallenged by the parties.

### A Final Note on the Suppression

The Court wishes to add the analysis made by the Court in *United States v. Floyd,* 740 F.3d 22, 32 (1st Cir.Mass.(2014) (Selya, J.)) regarding the applicable standard for the issuance of a search warrant which is governed by the Fourth Amendment of the Constitution of the United States of America.

[T]he search warrants issue only upon a showing of probable cause. To achieve this benchmark, there must be both "probable cause to believe that a crime has been (or is being) committed" and probable cause to believe "that evidence of [the crime] can likely be found at the described locus at the time of the search." *United States v. Ricciardelli*, 998 F.2d 8, 10 (1st Cir.1993) (emphasis omitted). If a search warrant issues in the absence of either of these elements, the customary remedy is suppression of any evidence seized in an ensuing search. *See United States v. Brunette*, 256 F.3d 14, 19 (1st Cir.2001).

Like most general rules, this rule admits of exceptions. **Even if a warrant issues upon an insufficient showing of probable cause, suppression may be inappropriate if the officers involved have exhibited objective good faith.** *See United States v. Leon*, 468 U.S. 897, 918–23, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *Brunette*, 256 F.3d at 19. (Emphasis ours).

In the instant case, defendant Paredes Reyes argues that the evidence seized through the search warrant shall be suppressed because the search warrant issued without probable cause. The Court disagrees, and follows the concept adopted by the United States Court of Appeals for the First Circuit ("First Circuit"): "We … endorsed the concept that a law enforcement officer's training and experience may yield insights that support a probable cause determination. *See, e.g., United States v. Hicks*, 575 F.3d 130, 137 (1st Cir.2009); *United States v. Ribeiro*, 397 F.3d 43, 50–51 (1st Cir.2005); *United States v. Jordan*, 999 F.2d 11, 14 (1st Cir.1993); *United States v. Aguirre*, 839 F.2d 854, 858 (1st Cir.1988)." *Floyd*, 740 F.3d at 35.

After a careful review of the agent's affidavit, we agree with the recommendation of the U.S. Magistrate Judge as to the analysis of probable cause, and the validity of the search warrant issued.

B. ***The Motion for Severance and the Government's Opposition.***

On December 2, 2013, defendant Paredes Reyes moved the Court to sever his trial from the other defendants, Raiza Rivera Marin [4] and Leonel Naranjo Rosado [5], merely on the grounds that "Mr. Paredes' defense will be in conflict with Mr. Naranjo Rosado's defense." *See* Docket No. 178, page 2. "This conflict will prevent Mr. Cisnero Paredes from obtaining an adequate defense at trial as guaranteed by the Constitution of the United States of America." *Id.*

The Government filed its opposition on the same date, that is, December 2, 2013, and argues that Paredes Reyes' severance request is "based on a bare bones allegation." Docket No. 182, page 1. The Government further argues that "it is the defendant who bears the burden of demonstrating that a joint trial 'would be so unfairly prejudicial that a miscarriage of justice would result.'" *Id.* citing *United States v. Williams*, 10 F.3d 1070, 1080 (4th Cir.1993), *cert. denied*, 513 U.S. 926, 115 S.Ct. 313, 130 L.Ed.2d 276 (1994). "The claim of prejudice must be such that the trial court would be unable to afford protection against the prejudice." *United States v. Lopez*, 898 F.2d 1505, 1510 (11th Cir.1990); *United States v. Carpentier*, 689 F.2d 21, 27 (2d Cir.1982), *cert. denied*, 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 957 (1983); *see also United States v. Panza*, 750 F.2d 1141, 1149 (2d Cir.1984) (prejudice must be "sufficiently severe to outweigh the judicial economy that would be realized by avoiding lengthy multiple trials"). *Id.* The Government ends its argu-

ment by emphasizing that Paredes Reyes argument is devoid of any facts to support that his defense will be prejudiced if he is tried together with defendants Rivera Marin and Naranjo Rosado. The Court agrees with the Government's opposition and the grounds set forth therein. The Court briefly explains.

In *Floyd*, 740 F.3d at 36, the Court held: The general rule is that defendants who are properly joined in an indictment should be tried together. *See United States v. O'Bryant*, 998 F.2d 21, 25 (1st Cir.1993). This rule has special force in conspiracy cases, in which the severance of coconspirators' trials "will rarely, if ever, be required." *United States v. Flores–Rivera*, 56 F.3d 319, 325 (1st Cir. 1995) (internal quotations marks omitted). Because considerable deference is due to the trial court's superior coign of vantage, we review that court's ruling granting or denying a motion to sever for abuse of discretion. *See United States v. Boylan*, 898 F.2d 230, 246 (1st Cir.1990).

 In the instant case are various precedents of the United States Supreme Court which must be met before the district court is to use its discretion in granting a severance. Joint trials are not only explicitly authorized for those "charged in the same indictment . . . if they are alleged to have participated in the same act or transaction" under Rule 8(b), but also "there is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 536, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Joint trials for defendants who are indicted together "play a vital role in the criminal justice system." *Richardson v. Marsh*, 481 U.S. 200, 209, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). The defendants should be tried together to promote efficiency and "serve the interest

of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* at 210, 107 S.Ct. 1702.

 In *Zafiro*, 506 U.S at 538–541, 113 S.Ct. 933, the Supreme Court squarely addressed the argument of a request for severance wherein the petitioner urged the Court to adopt a bright line rule granting severance based on "mutually antagonistic defenses." *Zafiro*, 506 U.S. at 538–539, 113 S.Ct. 933. The holding of the *Zafiro* Court was "[w]e decline to do so." *Id.* "Mutually antagonistic defenses are not prejudiced *per se.*" *Id.* "Moreover, Rule 14 [allowing severance] does not require severance even if prejudice is shown; rather it leaves tailoring of relief to be granted, if any, to the district court's sound discretion." *Id.* citing *United States v. Lane*, 474 U.S. 438, 449, n. 12, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986); *Opper v. United States*, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954). Severance is to be granted only "if there is a serious risk that a joint trial would compromise **a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.**" (Emphasis ours). *Id.* at 539, 113 S.Ct. 933.

The Court accepts examples granting severance when evidence is admitted as to one defendant but not as to others. The instant case, however, involves a conspiracy, hence, the reason provided for the severance is not applicable to the conspiracy in the case at bar. The marked defense of culpability as to one but not the other defendant, is also not applicable, as this case is one of a conspiracy and the court may provide a minimum sentence to the culpable party as to the conspiracy. Statements of admissibility and/or confessions may also warrant a severance under *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). But the court's order directing that any statement as to the other co-defendants be totally

sanitized from the statements or confessions avoids any spill over. Less drastic measures, such as, "limiting instructions" often will suffice to cure any risk of prejudice. *Zafiro*, 506 U.S. at 539, 113 S.Ct. 933 following *Richardson v. Marsh*, 481 U.S. at 211, 107 S.Ct. 1702.

■ However, there are also precedents wherein the substantive defense based on antagonistic defense simply does not apply. "It is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro*, 506 U.S. at 540, 113 S.Ct. 933, citing *United States v. Martinez*, 922 F.2d 914, 922 (1st Cir.1991). Finger pointing has also been rejected by the First Circuit in *United States v. Drougas*, 748 F.2d 8, 19–20 (1st Cir.1984) (no severance required merely by hostility or by casting the blame on each other). The effect of sanitizing statements and/or confessions as to other co-defendants under *Bruton*, 391 U.S. 123, 88 S.Ct. 1620, eliminates the requirement of a severance. Further, the Court has received guidance from the First Circuit that "severance is addressed to the discretion of the trial court." *United States v. Drougas*, 748 F.2d at 18, citing *United States v. Arruda*, 715 F.2d 671, 679 (1st Cir.1983).

■ The Court stresses, however, that in the instant case, the defendant Paredes Reyes has not provided any facts to justify the alleged conclusive "antagonistic defense." [2] Moreover, "[d]efenses are not antagonistic merely because they are not congruent." *Floyd*, 740 F.3d at 36. "In order to gain a severance based on antagonistic defenses, the antagonism ... must

be such that if the jury believes one defendant, it is *compelled* to convict the other defendant." *Id.* citing *United States v. Peña–Lora*, 225 F.3d 17, 33 (1st Cir.2000)." "Put another way, 'the tension between defenses must be so great that a jury would have to believe one defendant at the expense of the other.'" *Id.* citing *United States v. Yefsky*, 994 F.2d 885, 897 (1st Cir.1993).

■ In the instant case, the Court denies Paredes Reyes' request to sever trial simply because the defendant's statement, "Mr. Paredes' defense will be in conflict with Mr. Naranjo Rosado's defense," is a bare and general conclusory allegation, devoid of any evidentiary support or legal support. This naked statement *per se* is insufficient to assert any constitutional violation. Hence, Paredes Reyes' motion for severance, Docket No. 178, is denied.

## Conclusion

For the reasons stated herein, the Court: (a) adopts *in toto* the U.S. Magistrate Judge's *Report and Recommendation*, Docket No. 127 denying the defendant Paredes Reyes' *Motion to Suppress*, Docket No. 115; (b) affirms the *Order* of September 9, 2013, Docket No. 160; and, (c) denies the defendant Paredes Reyes' *Urgent Motion for Severance*, Docket No. 178.

The Jury Trial is reset for January 22, 2014 at 9:30 a.m.

IT IS SO ORDERED.

---

2. In *Drougas*, 748 F.2d at 19, the Court held: In order to be entitled to a severance on the basis of a codefendant's testimony the movant must demonstrate: (1) bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the codefendant will in

fact testify of the cases are severed. *United States v. Butler*, 611 F.2d 1066, 1071 (5th Cir.1980); *United States v. Rice*, 550 F.2d 1364, 1369 (5th Cir.), *cert. denied*, 434 U.S. 954, 98 S.Ct. 478, 479, 54 L.Ed.2d 312 (1977).